This Court granted certiorari to determine whether the Court of Criminal Appeals was correct in affirming the conviction, and the ensuing fine, of the petitioner under the peculiar facts of his case. That court affirmed without opinion; 486 So.2d 521, however, the petitioner has presented to this Court a Rule 39(k), A.R.A.P., statement of facts, which was presented to the Court of Criminal Appeals with his application for rehearing.
Indeed, the facts of this case are undisputed. On December 10, 1984, Judge William R. King, District Judge of Crenshaw County, issued the following order announcing the policy of his court in traffic cases:
 "It is the order of this Court that in all traffic cases in which a radar detector was in the automobile, whether in use or not, the fine shall be $50.00 above the normal fine assessed for that violation."
Subsequently, on August 28, 1985, the petitioner was convicted of speeding in *Page 695 
Crenshaw County, in violation of Code of 1975, § 32-5A-171. He paid into court the sum of $117, which amount included an additional sum of $50 over and above the normal fine, $67, assessed for that offense. The basis for this additional fine was revealed at petitioner's trial on August 28, 1985. The testimony indicated that when the petitioner was stopped for speeding, the arresting officer found a radar detector disconnected and lying on the floorboard of petitioner's car and that the officer endorsed the traffic citation with the notation, "radar detector in use." The circuit clerk of Crenshaw County testified at the hearing that the additional fine was imposed by her, as magistrate, because of the district court's order. It is the propriety of that order that we are asked to review.
The State argues the justification of this order as follows:
 "The evidence presented to the Court at the trial in the above styled case was undisputed and unquestioned that the only use or purpose of a radar detector device as was used by Petitioner was to allow a person using the public highways of this state an opportunity to detect the speed detection devices used by our State Troopers or other law enforcement officers.
 "The State submits that Petitioner in using a radar detection device was intentionally attempting to violate the state traffic laws and fully intended to violate the laws of this state as they pertain to maximum speed limits on the public highways. There can be no other logical or common sense purpose for the use of such a radar detector device.
 "The State further submits that the Court properly used its judicial discretion in setting the fine for the punishment of Petitioner for violation of § 31-5A-171, Code of Alabama, 1975 in that the Court's previous orders and policy regarding persons speeding in Crenshaw County whose vehicles contain, in use, a radar detector device is a policy which is constitutional, legal, just and well within the limits of discretion given the Court by the Legislative enactment of § 32-5A-171.
 "It is a legitimate consideration of setting a fine within the statutory limitation to take into consideration that the defendant made preparation of intent to commit a crime."
Assuming, arguendo, the accuracy of the State's argument concerning the evidence, and the conclusions expressed pertaining to the purpose for using a radar detector, we, nevertheless, must determine whether the trial court's order was within his authority. We find that it was not.
Admittedly, the facts disclose a paradox. A radar detection device is just that, a machine engineered to disclose the proximity of radar surveillance. Although some persons might, indeed, use such a device as a means of security, feeling comfort that police are nearby, we may presume that its more common utility is to detect the proximity of law enforcement officers, with the view of giving warning of a speed-controlled area of highway.
The paradox is in this: While speeding itself is a violation of statute, the possession and use of a radar detection device is not. That is to say, the manufacture, sale, installation, or operation of a radar detector has not been determined by the legislature to be a public offense, and thus no legislative sanction has been applied to such a device. Therefore, even though the operation of a radar detector may aid its operator to evade the traffic laws, nevertheless, his so doing is in and of itself not illegal. A fortiori, the possession of a radar detector is not unlawful. Thus, we are confronted with one of the contradictions which exist in an open, democratic, free enterprise society.
The fact that the amount of the fine imposed here was within the statutory limits of Code of 1975, § 32-5A-8, does not control, simply because the trial court has used a constitutionally impermissible means of enhancement of the penalty for a speeding offense. That court clearly has by judicial order created an additional fine, which, under Article III, Constitution of *Page 696 
1901, can be enacted only by the legislature. But, at present, there is no public offense of "speeding while in the possession of or use of a radar detector." The creation of such an offense is a legislative prerogative. Cf. Livingston v. State,419 So.2d 270 (Ala.Crim.App. 1982).
Having decided that the fine imposed in this case was illegal for the reason expressed above, we pretermit discussion of other issues presented, i.e., the absence of discretion disclosed by the imposition of a uniform order, the lack of due process of law, and the absence of equal protection of the laws.
The judgment of the Court of Criminal Appeals is reversed and this cause is remanded to that court, which is directed to remand the cause to the District Court of Crenshaw County for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., dissents.