Tony Wright was indicted for the unlawful sale, furnishing, or giving away of marijuana, a controlled substance, to Jane Patterson, in violation of § 13A-12-211 Code of Alabama, 1975. The jury found the appellant "guilty as charged in the indictment" and the trial court sentenced him to six years' imprisonment in the State penitentiary, pursuant to § 20-2-79
of the Code of Alabama, 1975. The court ordered the appellant to pay $500 to the Crime Victims' Assistance Fund.
The facts are not at issue in this case; therefore, we will give only a brief synopsis of the facts.
On the evening of June 14, 1988, Jane Patterson, while acting as an undercover agent for the Florence, Alabama Police Department, gave the appellant $20 and the appellant gave her a bag containing green leafy plant material. The substance was later determined to be marijuana.
At the sentencing hearing, the State produced witnesses who testified that a school was within a one-mile radius of the point where the sale at issue occurred. Terrell Potter, an investigator for the District Attorney, testified that he measured the distance between the place where the sale took place and the campus boundary of College Avenue Elementary School with a specialized odometer. He determined that the distance was exactly one mile. Cheryl Dewayne Stuart, county mapper for Franklin County, Alabama testified that she used three maps to measure the straight distance between the house where the transaction took place and the school, and determined the distance to be .96 of a mile.
 I
The appellant challenges the constitutionality of § 20-2-79
Code of Alabama 1975. This statute provides:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a one-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
The appellant contends that, because the indictment did not charge him under § 20-2-79 Code of Alabama 1975, it is unconstitutional for him to be sentenced under this statute. This issue was recently decided in Harrison v. State, *Page 1130 560 So.2d 1124 (Ala.Cr.App. 1989). This court held that "an indictment for the unlawful sale of drugs need not contain any reference to the sentence enhancing provisions of Ala. Code 1975, §20-2-79 in order for the defendant's sentence to be enhanced under that statute."
Moreover, the fact that the sale took place after school hours does not relieve the appellant from being sentenced under § 20-2-79. Qualls v. State, 555 So.2d 1158 (Ala.Cr.App. 1989).
Thus, § 20-2-79 is constitutional and the appellant was properly sentenced under this statute.
 II
The appellant contends that he was denied due process because he was not served, prior to sentencing, with formal notification of the State's intention to sentence the appellant under § 20-2-79 Code of Alabama 1975. There is no provision in § 20-2-79 Code of Alabama 1975 that requires formal notice be given to the defendant in order for the trial court to sentence under this enhancement statute.
The record reveals that before trial the prosecutor orally informed the appellant of the State's intention to sentence under this statute if the appellant was convicted. Also, the appellant made a pre-trial motion, in which he acknowledged that he was informed by the prosecutor that the State planned to proceed under this statute. On the day of sentencing, the prosecutor submitted a written motion to the court and served a copy on the appellant explaining the State's intention for sentencing to be under § 20-2-79 Code of Alabama 1975.
In United States v. White, 748 F.2d 257 (5th Cir. 1984) the government sought to sentence the appellant under a sentence enhancement statute and the appellant argued that he did not receive formal notification. The appellant admitted that he received oral notice of the government's intent to seek an enhancement sentence. The court held that the defendant had actual adequate notice and that no formal service of notice is required.
Therefore, we find that the appellant was provided with actual notice of the State's intention to sentence him under § 20-2-79 Code of Alabama 1975 and that no formal notification is required. Thus, the appellant was not denied due process.
For the reasons shown this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.