The appellant, Wallace Dixon, was convicted of the unlawful sale of cocaine, in violation of § 13A-12-211, Code of Alabama
1975. A sentencing hearing was held at which the State proved that the sale occurred within one mile of a public school and that the appellant had two prior felony convictions. Accordingly, the trial court sentenced the appellant to 15 years in the state penitentiary, the minimum allowed by law, pursuant to § 13A-5-9(b)(2), Code of Alabama 1975, and then enhanced that sentence by 5 years, pursuant to § 13A-12-250.
Section 13A-5-9(b) states as follows:
 "(b) In all cases when it is shown that a criminal defendant has been previously convicted of any two felonies and after such convictions has committed another felony, he must be punished as follows:
". . . .
 "(2) On conviction of a Class B felony, he must be punished by imprisonment for life or for any term of not more than 99 years but not less than 15 years. . . .
Section 13A-12-250 states as follows:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
The appellant contends that § 13A-12-250 should not be construed to mean that an additional five years be "tacked on" to the original sentence. Instead, the appellant argues that the legislature intended for the additional five years to be a separate, concurrent sentence and, thus, that his case should be remanded to the trial court for resentencing. The appellant cites no authority in support of this contention.
" 'The fundamental rule of statutory construction is that a court is under a duty to ascertain and effectuate legislative intent as expressed in the statute, see e.g., Gundy v. Ozier,409 So.2d 764, 765, 766 (Ala. 1981), which may be gleaned from the language used, the reason and necessity for the act and the purpose sought to be obtained. See Rinehart v. Reliance Ins.Co., 273 Ala. 535, 538, 142 So.2d 254, 256 (1962).' Shelton v.Wright, 439 So.2d 55, 57 (Ala. 1983)." Pool v. State,570 So.2d 1260 (Ala.Cr.App. 1990), aff'd, 570 So.2d 1263 (Ala. 1990). The legislature, by enacting Alabama's "schoolyard statute," intended to create an around-the-clock drug-free atmosphere on or near school grounds, and the legislature clearly intended to protect these areas, as well as the school grounds, from the evils associated with drug activities at all times. Qualls v.State, 555 So.2d 1158 (Ala.Cr.App. 1989).
The opening language of § 13A-12-250 uses the words "[i]n addition to." The word "addition" means the act, process, or instance of adding. Lane v. Holderman, 23 N.J. 304, 129 A.2d 8
(1957). The words "addition" and "extension" and their synonyms "increase" and "augmentation" are used interchangeably.Meyering v. Miller, 330 Mo. 885, 51 S.W.2d 65 (1932). "Addition" is "the act or process of adding; the joining or uniting of one thing to another." Webster's Third NewInternational Dictionary 24 (1976).
This court is of the opinion that, contrary to the appellant's contention, the legislature did intend for an extra five years to be "added to" or "tacked on" to the existing sentence. We are especially convinced of this in light of how other jurisdictions have treated similar statutes. *Page 514 
For example, Congress was so appalled by the evils posed by illegal drug activity conducted near schoolchildren that it created a statute which doubles the original jail sentence of those found guilty of such an offense. See 21 U.S.C.A. § 845(a) (West 1989). Thus, the trial court correctly sentenced the appellant to 20 years in the state penitentiary.
The judgment and sentence of the trial court are therefore due to be, and they are hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 1211