King Solomon Green, Sr., the appellant, was convicted of two counts of selling cocaine in violation of Ala. Code 1975, §13A-12-211. He was sentenced to five years' imprisonment on each conviction, with the *Page 55 
sentences to run consecutively. Green raises two issues in this appeal from his convictions.
 I
The appellant contends that the record "does not affirmatively show that the State's witnesses were sworn." Appellant's brief at 4. However, immediately preceding the testimony of each of the State's witnesses, there appears in the transcript the witness's name, followed by "of legal age,having been previously sworn, took the stand and testified as follows." (Emphasis added.) We note that this same recitation also precedes the testimony of the two defense witnesses, and we deem it sufficient to indicate that the witnesses were sworn as required by Ala. Code 1975, § 12-21-136. See Jones v. State,398 So.2d 360, 365 (Ala.Cr.App.), cert. denied, 398 So.2d 369
(Ala. 1981); Merton v. State, 500 So.2d 1301, 1305
(Ala.Cr.App. 1986).
Moreover, there was no objection below on the ground that the State's witnesses were not sworn. Compare Saxton v. State,389 So.2d 541, 543 (Ala.Cr.App. 1980). By failing to object, the appellant waived the issue of any alleged failure to place the witnesses under oath. Merton v. State, 500 So.2d at 1306.
 II
The undercover officer who testified that she twice purchased cocaine from the appellant also testified that she was wearing "a wire" and that her conversations with the appellant at the time of both purchases were recorded. When the prosecution offered the tapes of these conversations, the appellant objected on the grounds that the quality of the tapes was poor, that one or both tapes contained hearsay material, and that the State had failed to prove a chain of custody for the tapes. The trial court agreed that one tape was of very poor quality and sustained the appellant's objection to that tape. The other tape was admitted and played for the jury.
On appeal, the appellant asserts that this tape was improperly admitted because the prosecution failed to properly authenticate it. Because this issue was not raised below; it is not preserved for our review. "The statement of specific grounds of objection waives all grounds not specified and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987). Accord,Harrison v. State, 560 So.2d 1124, 1127 (Ala.Cr.App. 1989);Chisler v. State, 553 So.2d 654, 660 (Ala.Cr.App. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 2572, 109 L.Ed.2d 753 (1990).
 III
As noted above, the trial court sentenced the appellant to five years' imprisonment on each conviction, with the sentences to run consecutively. The crime for which the appellant was convicted, selling cocaine, is a Class B felony, Ala. Code 1975, § 13A-12-211(b), and a sentence of five years' imprisonment is within the permissible range of punishment for this offense. See § 13A-5-6(a)(2). However, at the time the transactions for which the appellant was convicted took place (December 1988 and January 1989), § 13A-12-250 provided:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a one-mile[1] radius of the campus boundaries of any public or private school, college, university or other educational institution in this state." (Emphasis and footnote added.)
This "schoolyard enhancement" statute provides "for an extra five years to be 'added on' or 'tacked on' to the existing sentence." Dixon v. State, 572 So.2d 512, 513
(Ala.Cr.App. 1990).
The trial judge declined to enhance the appellant's sentence under § 13A-12-250, *Page 56 
even though the State proved at sentencing that the transactions for which the appellant was convicted took place within one mile of a school. While specifically finding that these transactions took place within one mile of a school, the trial judge indicated that he had some concern as to whether this statute violated the Equal Protection Clause of the Fourteenth Amendment. He also stated that the wording of the statute indicated that the legislature was imposing this additional sentence:
 "[T]he legislature has taken upon itself to act as the court in statute, and it says, 'It is hereby imposed a penalty of five years incarceration.' So if the legislature wants to do the imposition of sentencing, I'm going to let the legislature do it. I am not going — I am not called upon by that statute to impose any kind of sentence. The legislature has imposed the sentence, and so the legislature can impose."
This Court has previously held that § 13A-12-250 (and its predecessor statute, § 20-2-79) does not violate the Equal Protection Clause. Hardy v. State, 576 So.2d 685, 685-87
(Ala.Cr.App. 1991); Harrison v. State, 560 So.2d 1124, 1128
(Ala.Cr.App. 1989). As for the trial court's second concern, we agree that the wording of § 13A-12-250 is substantially different from that of other sentencing statutes.[2] Compare §13A-5-6(a) ("Sentences for felonies shall be for a definite term of imprisonment . . . within the following limitations"); § 13A-5-7(a) ("Sentences for misdemeanors shall be a definite term of imprisonment . . . within the following limitations"); § 13A-5-9 (habitual felony offenders "must be punished as follows"); § 13A-12-231 (persons convicted of trafficking in various controlled substances "shall be sentenced to" specified prison terms depending on the amounts of the controlled substance involved); § 13A-12-233(c) ("Any person who engages in a criminal enterprise for the purpose of trafficking in illegal drugs shall be punished as follows"). However, while the legislature has the sole authority to establish punishments for crimes, see Ex parte Ellis, 502 So.2d 694, 695-96
(Ala. 1986), it is the courts which actually impose sentences on those persons convicted of crimes. See § 15-18-1(b); §15-18-21; Rule 26.1(a)(2), A.R.Cr.P.
We do not think that the legislature intended by § 13A-12-250
to invade the province of the trial court as to imposition of sentence. "[T]he language of even a penal statute should be given a reasonable or common sense construction consonant with the objects of the legislation." 3 N. Singer, SutherlandStatutory Construction § 59.06 at 36 (Sands 4th ed. 1986). Clearly, § 13A-12-250 should be interpreted that the trialcourt shall impose the additional punishment. Consequently, we remand this cause to the circuit court with directions to resentence the appellant by applying § 13A-12-250. Return to this Court shall be made within 30 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.
[1] Effective May 19, 1989, § 13A-12-250 was amended so as to apply to illegal drug sales occurring within "a three-mile radius" of a school. 1989 Ala. Acts 1872, No. 89-950.
[2] We note that § 13A-12-270 also contains this particular wording.