The issue in this case is whether the State sufficiently proved that the sale of a controlled substance occurred within one mile of a school, thereby authorizing the imposition of an enhanced sentence under the provisions of Ala. Code 1975, §20-2-79,[1] when proof, in part, was made by using a copy of the City of Birmingham.
On September 22, 1987, at approximately 12:15 p.m., at 1872 Woodland Avenue SW, in Birmingham, the petitioner, Virginia Johnson, arranged for another person to sell Officer Roger Thorne some marijuana. The sale took place in Johnson's house and in her presence. Subsequently, Johnson was charged with the trafficking in marijuana and with the sale of marijuana, in violation of §§ 20-2-80 and 20-2-70 (both now repealed or transferred). Johnson pleaded guilty to both charges and appeared before the court for sentencing.
At the sentencing hearing, the State asked that Johnson's sentence be enhanced under the provisions of Ala. Code 1975, § 20-2-79, which provided for a five-year enhancement of sentence for a person convicted of selling drugs on a "campus or within a one-mile radius of the campus boundaries of any public or private school, college, university or other educational institution." The State introduced a copy of a map of Birmingham, but it did not have a scale to determine distance. The assistant district attorney showed on the map the location of the drug sale and the location of the school. He stated that the scale of the map was one mile per inch, and that the court could take judicial notice that the prohibited sale occurred within one mile of a school. Johnson objected to the admission *Page 1306 
of the map on the ground that it was not certified or authenticated, and she also questioned the accuracy of the map. The trial court took judicial notice of the map and sentenced Johnson to five additional years under the enhancement statute. Johnson appealed, and the Court of Criminal Appeals affirmed, without an opinion. Johnson v. State, 579 So.2d 712
(Ala.Cr.App. 1991).
The rules governing sentence hearings are provided by Rule 26.6(b)(2), Ala.R.Crim.P., which states:
 "Disputed facts shall be determined by the preponderance of evidence. Evidence may be presented by both the State and the defendant as to any matter that the court deems probative on the issue of sentence. Such matters may include, but are not limited to, the nature and circumstances of the offense, the defendant's character, background, mental and physical condition, and history, the gain derived by the defendant or the loss suffered by the victim as a result of defendant's commission of the offense, and any other facts in aggravation or in mitigation of the penalty. Any evidence that the court deems to have probative value may be received, regardless of its admissibility under the rules of evidence."
While any evidence that the court deems to have probative value may be received, regardless of its admissibility under the rules of evidence, it must be proven by a preponderance of theevidence.
The only evidence produced to show that the petitioner sold drugs within a one-mile radius of a school was an unverified map of the City of Birmingham that did not indicate its scale. The State produced no witnesses to support the authenticity or accuracy of the map, and the only testimony relating to the scale of the map came from the assistant district attorney.
In previous cases arising under § 20-2-79, there was testimony concerning the distance between the school and the point where the drugs were sold. In Qualls v. State,555 So.2d 1158 (Ala.Cr.App. 1989), a police officer testified that he measured the distance between an elementary school and the drug sale sight with his odometer. In Lane v. State, 564 So.2d 90
(Ala.Cr.App. 1990) a chief deputy testified that he measured the distance between the school and the drug sale sight. InSpinks v. State, 564 So.2d 1043 (Ala.Cr.App. 1990), the state offered testimony by an investigator from the district attorney's office and by a state probation officer who both had measured the distance from the drug sale site to the school. Relying on the testimony, the courts held that the State had carried its burden of presenting sufficient evidence that the sale had occurred within a mile of a school.
We hold that the State failed to prove by "the preponderance of evidence" that the sale occurred within a one-mile radius of a school. See Rule 26.6(b)(2), A.R.Crim.P. The judgment of the Court of Criminal Appeals is, therefore, reversed, and the cause is remanded to that court with directions that the cause be remanded to the trial court for the purpose of conducting a new sentence hearing.
The petitioner's argument that the enhancement statute is unconstitutional is without merit. The statute is constitutional. See Wright v. State, 560 So.2d 1128
(Ala.Cr.App. 1989); Harrison v. State, 560 So.2d 1124
(Ala.Cr.App. 1989).
REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The provisions of § 20-2-79 were transferred to § 13A-12-250
effective September 30, 1988, and then effective May 19, 1989, the "one mile" provision was extended to three miles. The sale of drugs in this case occurred in 1987, and at that time §20-2-79 was the applicable enhancement statute. Therefore, the applicable sentencing statute is § 20-2-79.