The appellant, Mary Ann Grider, was convicted of unlawfully distributing a controlled substance, cocaine, in violation of § 13A-12-211, Code of Alabama 1975.
This case exemplifies the dilemma of a criminal appellate court. Although the notice of appeal was filed on October 1990, the completed record was not filed until November 1991. The last brief was filed January 1992, and we now release this opinion January 31, 1992. By the time the case was "submitted" to this court, the American Bar Association time standard of 280 days from notice of appeal to opinion had already been exceeded.
 I
The appellant initially argues that the trial court erred in denying her Batson[1] motion after the jury was selected. The United States Supreme Court in Batson held that a prosecutor may not strike blacks from the venire "on the assumption that black jurors as a group will be unable to impartially consider the State's case against a black defendant." This holding was recently expanded to include white defendants who allege that blacks have been excluded from their jury solely on the basis of race. Powers v. Ohio, ___ U.S. ___, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991).
In the instant case the appellant argues that the reasons for striking three of the black prospective jurors were not race-neutral and that, therefore, the prosecutor violated the Supreme Court's holding in Batson. Five blacks were in the venire. One was struck for cause. Three were struck peremptorily by the prosecutor. The prosecutor gave the following reasons for striking the prospective jurors:
 "Prospective juror 18 — This juror was struck because she knew the appellant and had lived next to the appellant for three or four years.
 "Prospective juror 42 — This juror was struck because his son had, the same day as the jury selection in the instant case, been prosecuted by the district attorney's office and was sentenced to 10 years in prison.
 "Prospective juror 9 — This juror was struck because he was mentally disabled [and] received SSI benefits. In response to questions posed by the prosecutor [he] appeared to be mentally handicapped."
For a prosecutor's reasons to be race-neutral, they must be related to the facts of the case. Williams v. State,548 So.2d 501 (Ala.Cr.App. 1988), cert. denied, 489 U.S. 1028,109 S.Ct. 1159, 103 L.Ed.2d 218 (1989). The prosecutor's reasons in the instant were sufficiently race-neutral. Harris v. State,545 So.2d 146 (Ala.Cr.App. 1988) (fact that juror knew the defendant is a valid race-neutral reason); Powell v. State,548 So.2d 590 (Ala.Cr.App. 1988), aff'd, 548 So.2d 605 (Ala. 1989) (fact that juror had family members prosecuted for criminal activity is a valid race-neutral reason); Nesbitt v. State,531 So.2d 37 (Ala.Cr.App. 1987) (the fact that an individual may not be able to keep track of the proceedings because of mental or physical impairment is a valid race-neutral reason for striking that juror; Yelder v. State, [Ms. 3 *Page 403 
Div. 212, October 11, 1991], 1991 WL 238088 (Ala.Cr.App. 1991)).
"The trial court is in the best position to determine whether the prosecutor's reasons are adequate." Johnson v. State,512 So.2d 819, 821 (Ala.Cr.App. 1987). "As the United States Supreme Court recently stated in Hernandez v. New York, ___ U.S. ___, 111 S.Ct. 1859, 1868, 114 L.Ed.2d 395 (1991): 'InBatson, we explained that the trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal.' "Yelder, 1991 WL 238088, *9. We will not reverse a court's decision in this regard unless it is "clearly erroneous."Gaston v. State, 581 So.2d 548, 549 (Ala.Cr.App. 1991). No such error exists here.
 II
The appellant next contends that the trial court erred in allowing the cocaine to be received into evidence because a sufficient chain of custody for the substance had not been established.
When evaluating the chain of custody of certain evidence, we must look at the totality of the circumstances to see if there is a "reasonable probability" that the evidence is in the same condition at the end of the chain as it was at the beginning.Moorman v. State, 574 So.2d 953 (Ala.Cr.App. 1990); Snowden v.State, 574 So.2d 960 (Ala.Cr.App. 1990). In the instant case, Officer Robinson, of the Panama Police Department, was working undercover in Hartford, Alabama, in the summer of 1989. He purchased a white powdery substance from the appellant on June 10, 1989. He gave the substance to one of the officers on the Hartford Police Department. At trial he identified the officer as Officer Toliver, but he had, in fact, given the substance to Officer Hobbs. Officer Hobbs testified that, on June 10, 1989, he placed the substance in a sealed envelope and put red tape on both ends. He also signed and dated the envelope. The sealed envelope was then turned over to Officer Toliver, on August 1, 1989. Officer Toliver took the substance to the forensics department in Enterprise, where it was analyzed by David Thorne. Thorne identified the substance as cocaine.
Specifically, the appellant argues that there was no testimony as to where the substance was from the time that Hobbs sealed the envelope until it was turned over to the forensics department two months later. Our Supreme Court inEx parte Holton, 590 So.2d 918 (Ala. 1991) addressed a similar issue. They stated:
 "The chain of custody is composed of 'links.' a 'link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.'
 "If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a 'missing' link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the 'link,' as to one or more criteria or as to one or more links, the result is a 'weak' link. When the link is 'weak,' a question of credibility and weight is presented, not one of admissibility."
590 So.2d at 920. (Emphasis added.)
Because the cocaine was in a sealed package from the time that Officer Hobbs received the evidence until it was taken to the forensics department, there was no reason to suspect that the cocaine was tampered with. A missing link is not present here, only a weak link. The admissibility of the evidence was not affected. No error occurred here. *Page 404 
 III
The appellant further argues that the trial court erred in not giving her notice that her sentence would be enhanced pursuant to § 13A-12-250, because the sale occurred within a three-mile radius of a school.
This court has previously stated that an indictment does not have to contain any reference to the enhancement provision of § 13A-12-250. Hurley v. State, 568 So.2d 359 (Ala.Cr.App. 1990); Harrison v. State, 560 So.2d 1124 (Ala.Cr.App. 1989). This court has further stated that a defendant does not have to be given written notice that the state intends to seek an enhanced sentence. Wright v. State, 560 So.2d 1128 (Ala.Cr.App. 1989).[2]
In the instant case, prior to the commencement of trial, the appellant was told that if she was convicted the state would seek to have her sentence enhanced by § 13A-12-250. According to Wright, this constitutes sufficient "actual notice."
The appellant further contends that there was insufficient evidence to prove that the sale of the controlled substance occurred within a three-mile radius of a school. Officer Greg Ward of the Geneva Sheriffs Department testified that the sale occurred at a housing project which was three blocks from a school and less than one mile. There was sufficient evidence to prove that the sale occurred within three miles of a school.Jackson v. State, 582 So.2d 598 (Ala.Cr.App. 1991). The appellant's sentence was correctly enhanced.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986).
[2] When Wright was decided, the applicable statute was § 20-2-79. That statute has been transferred to § 13A-12-250.