BOWEN, Presiding Judge.
Patrick Eugene Smith, the appellant, was convicted for the unlawful distribution of cocaine and was sentenced to five years’ imprisonment. He raises two issues on this appeal from that conviction.
I.
The appellant contends that he was entrapped as a matter of law. Although the trial court charged the jury on the law of entrapment, the record contains no objection of any form challenging the sufficiency of the evidence on that basis. Although defense counsel did inform the trial court that he had a “motion” to make after the State had presented its case-in-chief, the grounds of that motion are not contained in the record. Furthermore, the record contains no motion for a judgment of acquittal raising the defense of entrapment. There was no motion for a new trial. In fact, the record contains no objection raising any ground relating to the sufficiency of the evidence. Consequently, this issue has not been preserved for appellate review. See Ex parte Maxwell, 439 So.2d 715, 717 (Ala.1983).
Furthermore, the appellant's argument that he was entrapped as a matter of law is without merit. The undercover officer testified that he first approached the appellant in a bar after it appeared to him that the appellant was “snorting cocaine.” R. 7. The officer testified that the appellant injected the subject of drugs into their conversation when the appellant stated that he had “just finished up the last of my coke. He said — after that he stated that you should have caught me earlier. And at that point I became interested because it sounded as if he was trying to say if I got up with him earlier he could have sold me some cocaine.” R. 7-8. The officer testified that the appellant stated that he “knew where he could get [the undercover officer] some [cocaine] at.” R. 8. The evidence shows that the State presented a prima facie case that the appellant was predisposed and more than willing to commit the illegal sale of cocaine. The fact that the appellant testified in his own defense and disputed the officer’s testimony presented a question of credibility for the jury.
“The defense of entrapment is not applicable where the law enforcement officer merely affords an opportunity to one intending to violate the law. It is only when the government’s deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play. The primary focus is on the predisposition of the accused rather than on the agent’s actions.”
Adams v. State, 585 So.2d 161, 163 (Ala.1991) (citations omitted).
*370 II.
The appellant failed to support his contention that he is a victim of the selective enforcement of the “schoolyard enhancement” provisions of Ala.Code 1975, § 13A-12-250, because he failed to show how those enhancement provisions had been applied in other cases. See Rickett v. Jones, 901 F.2d 1058, 1060-61 (11th Cir.1990).
However, this case must be remanded for proper sentencing. The appellant was sentenced to only five years’ imprisonment. “Th[e] ‘schoolyard enhancement’ statute provides ‘for an extra five years to be “added on” or “tacked on” to the existing sentence.’ Dixon v. State, 572 So.2d 512, 513 (Ala.Cr.App.1990).” Green v. State, 586 So.2d 54, 55 (Ala.Cr.App.1991).
The unlawful distribution of cocaine is a Class B felony, § 13A-12-211, with a punishment of from two to 20 years’ imprisonment. § 13A-5-6(a)(2). Therefore, the appellant must be given a sentence ranging from two to 20 years and then must be sentenced to an additional five years' imprisonment. Here, the appellant was never given an original sentence to be enhanced.
This cause is remanded for proper sentencing. The trial court shall sentence the appellant as indicated in this opinion and shall file in this Court a transcript of that sentencing within 60 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.