On Application for Rehearing

PATTERSON, Judge.
The appellant, Lucky Stevens, appeals his conviction for unlawful distribution of a controlled substance and his subsequent sentence of 22 years’ imprisonment. That sentence included an additional 10 years’ imprisonment because the sale occurred within a three-mile radius of a school and within a three-mile radius of a housing project. Code of Alabama 1975, § 13A-12-250 and § 13A-12-270, respectively. We issued a memorandum dated July 8, 1994, affirming Steven’s conviction and sentence. We now withdraw the memorandum.
Stevens contends that he was denied due process of law because, he says, the state failed to notify him of its intent to invoke the enhancement provisions of § 13A-12-250 and § 13A-12-270. It is undisputed that Stevens was not given notice that either statute would be used to enhance his sentence. This court has previously held that prior notice by the state is required before the enhancement provisions of § 13A-12-250 may be applied. In Cunny v. State, this court held:
“The application of § 13A-12-250, like the application of the HFOA, is mandatory. Green v. State, 586 So.2d 54 (Ala.Cr. App.1991). As is the case with the HFOA, before the schoolyard statute may be invoked, the state must give the defendant prior notice of its intention to proceed under that statute. Wright v. State, 560 So.2d 1128 (Ala.Cr.App.1989). Oral notice is sufficient. Id. See also Grider v. State, 600 So.2d 401 (Ala.Cr.App.), cert. denied, Ex parte Brooks, 600 So.2d 404 (Ala. 1992).”
629 So.2d 693, 696 (Ala.Cr.App.1993). This court also impliedly held that prior notice is necessary before § 13A-12-270 may be invoked. See Id.
*991 For this reason, we remand this case to the trial court with instructions to hold a new sentencing hearing. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and no later than 42 days from the release of this opinion.
APPLICATION FOR REHEARING GRANTED; RULE 39(k), Ala.RApp.P., MOTION DENIED; MEMORANDUM WITHDRAWN; REMANDED WITH INSTRUCTIONS.*
All Judges concur.

 Editor’s Note: On return to remand, the Court of Criminal Appeals, on March 24, 1995, affirmed the decision, without opinion.