MONTIEL, Judge.
The appellant, Michael Allen Thomas, was indicted for unlawful distribution of marijuana in violation of § 13A-12-211, Code of Alabama 1975. A jury found Thomas guilty as charged in the indictment. The trial court sentenced Thomas to 10 years in prison; the sentence included a five-year enhancement for selling a controlled substance within three miles of a school, as mandated by § ISA-12-250, Code of Alabama 1975.
The evidence adduced at trial tended to show the following. On March 23, 1993, Deputy Brad Burks of the Baldwin County Sheriffs Department and Linda Clemmons, an agent of the Alabama Alcoholic Beverage Control Board, were conducting an undercover investigation in Gulf Shores, Alabama. The officers were working with Hugh Hart-ley, a confidential informant. While the three were at the Barefoot Bar in Gulf Shores, Hartley asked Thomas if he had any marijuana. Thomas told him he had an ounce, and then he, Hartley and the officers left the bar and went to a residence in Gulf Shores where Thomas sold Deputy Burks about a quarter of an ounce of marijuana for $120. At Burks’s request, Thomas also provided rolling papers.
Kelly Cannon of the Alabama Department of Forensic Sciences determined that the substance that Thomas sold to Burks was marijuana.
I
Thomas claims that the trial court erred in denying his motion to replace two of the panels available for jury selection in his case because, he says, members of those panels had served on a jury of a prior trial tried by the same prosecutor and involving what he says were identical facts and the same witnesses as his case.
“ ‘The general rule is that “absent some evidence of actual partiality, a juror is not disqualified merely because he previously sat in a similar case arising out of a separate and distinct set of circumstances even though the offenses charged in the cases are similar and some of the same prosecution witnesses testify in each case.” It is not a ground for challenge for cause in a *152 drug prosecution that a juror had served on the previous day on a case involving a similar charge in which the same undercover officer had testified as a witness for the State.’ ”
Tolbert v. State, 552 So.2d 164, 166 (Ala.Crim.App.1989) (citations omitted).
The record in this case shows that defense counsel challenged for cause one juror who indicated actual bias as a result of having sat on the previous jury. The trial court granted the challenge. Thomas did not challenge any other jurors from the previous jury. He failed to establish any bias or partiality on the part of those jurors. Thus, the trial court did not err in denying Thomas’s motion to provide replacement jury panels, nor did it err in denying Thomas’s motion for a mistrial based on the same grounds.
II
Thomas argues that the trial court erred in refusing to charge the jury on the lesser included offenses of possession of marijuana in the first degree, possession of marijuana in the second degree, and possession of drug paraphernalia.
“ ‘An accused is not entitled to have-the jury charged on a lesser included offense unless there is a reasonable theory from the evidence to support the lesser offense.’” Holder v. State, 584 So.2d 872, 880-81 (Ala.Crim.App.1991) (quoting Nelson v. State, 452 So.2d 1367, 1371 (Ala.Crim.App.1984)). “A charge on a lesser included offense is not proper unless there is a reasonable theory from the evidence to support the position.” Jordan v. State, 629 So.2d 738, 743 (Ala.Crim.App.1993), cert. denied, — U.S. -, 114 S.Ct. 2112, 128 L.Ed.2d 671 (1994). “When the evidence clearly shows the appellant is either guilty of the crime charged, or innocent, the charge on a lesser-ineluded offense is not necessary or proper.” Welch v. State, 630 So.2d 145, 146 (Ala.Crim.App.1993).
The evidence in this case, including Thomas’s own testimony, shows that Thomas sold marijuana to an undercover sheriffs deputy. The State correctly argues that there was no evidence presented to show that Thomas merely possessed marijuana; the evidence presented by the State proved that Thomas unlawfully distributed marijuana. The trial court did not err in failing to instruct the jury on lesser included offenses.
III
Thomas -maintains that he was denied a fair and impartial trial because, he says, the State used two of its strikes to remove half of the available blacks from the venire in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court denied Thomas’s Batson motion.
The record shows that there were four blacks on the venire and that the State struck two. At trial, defense counsel said his Batson motion was limited to one black veniremember, who he claimed was struck because of her race. The record shows that the trial court noted that that venire-member’s child had been charged with a drug offense, which has been held to be a race-neutral reason for striking a juror. See, Childers v. State, 607 So.2d 350, 352-53 (Ala.Crim.App.1992).
“It is within the sound discretion of the trial court to determine if the State’s peremptory challenges of black jurors are motivated by intentional racial discrimination. Ex parte Jackson, 516 So.2d 768 (Ala.1986). Moreover, the trial court’s findings as to whether the defendant has established purposeful racial discrimination are to be accorded great deference on appeal, Batson, and should be reversed on appeal only if they are clearly erroneous. Ex parte Branch, 526 So.2d 609 (Ala.1987).”
Ex parte Lynn, 543 So.2d 709, 712 (Ala.1988), cert. denied, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989). In this case, the trial court found that the State’s reason for striking the veniremember was race neutral. From the record before us, we cannot say that the trial court’s denial of the appellant’s Batson motion was clearly erroneous.
IV
Thomas contends the trial court improperly sentenced him under the enhancement provisions of § 13A-12-250, Code of Ala *153 bama 1975, because the prosecution failed to prove that the offense occurred within three miles of a school. The State argues with Thomas and, in its brief to this court, asks us to remand this case for a new sentencing hearing.
The record in this ease shows that a police officer testified that a school was 2.4 miles from a Gulf Shores restaurant called “Crabby Pete’s.” Earlier testimony showed that Thomas sold marijuana to an undercover officer at a residence. Our review of the record shows that Crabby Pete’s was not involved in this case. There is no evidence that Thomas sold marijuana within three miles of a school; thus, the trial court erred in adding the five-year enhancement to his sentence.
Thomas argues that his sentence should be reduced to the term imposed by the trial court before it was enhanced pursuant to § 13A-12-250. However, the law in Alabama in such a case requires that the cause be returned to the circuit court for a new sentencing hearing. Ex parte Johnson, 597 So.2d 1305 (Ala.1991); Hester v. State, 597 So.2d 1307 (Ala.Crim.App.1992). At the sentencing hearing, the State may present evidence to prove that the sale of marijuana occurred within three miles of a school. Cunny v. State, 629 So.2d 693 (Ala.Crim.App.1993).
The judgment of the trial court is affirmed as to Thomas’s conviction for illegal distribution of marijuana. For the reason stated above, the judgment of the trial court is reversed as to the sentence imposed in this case, and this cause is remanded to the circuit court for a new sentencing hearing. A return shall be filed with this court within 60 days.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS. 
All the Judges concur.