**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Earl BROOKINS, Defendant–Appellant.**

No. 89–4903.

United States Court of Appeals,
Fifth Circuit.

Nov. 30, 1990.

---

George L. Lucas, Jackson, Miss., William B. Jacob, Meridian, Miss., for defendant-appellant.

Jay T. Golden, Asst. U.S. Atty., Biloxi, Miss., George Phillips, U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before THORNBERRY, JOHNSON and DAVIS, Circuit Judges.

JOHNSON, Circuit Judge:

Earl Brookins appeals from his conviction on four counts of possession with intent to distribute crack cocaine. He argues that the trial judge improperly admitted evidence of past bad acts, and that the

evidence was not sufficient to allow the jury to convict him. Finding no error, this Court will affirm the judgment of the district court.

# I. FACTS AND PROCEDURAL HISTORY

On August 1, 1989 Earl Brookins was arrested by the FBI in Meridian, Mississippi. He was arrested for making two sales of crack cocaine to an FBI informant. The sales took place at a convenience store; the FBI had the store under surveillance during the sales, and the informant wore a concealed tape recorder during his purchases of crack.

Brookins was indicted on two counts of possession of crack cocaine with intent to distribute, under 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1).[1] He was also indicted on two more counts of possession of crack cocaine with intent to distribute within 1,000 feet of an elementary school, under 21 U.S.C. § 845a.[2] The trial, which lasted one week, was before a jury. At trial the Government's evidence included 1) the testimony of the FBI agents who had organized and participated in the undercover effort to arrest Brookins, 2) the testimony of Willie Earl Grady, the FBI's confidential informant who purchased the crack from Brookins, 3) the testimony of a city engineer from Meridian who testified that the school at issue was within 1,000 feet of the store where Brookins was arrested, and 4) a tape recording of the conversation which took place between Brookins and Grady during Grady's first purchase of crack. Although Grady was wearing a tape recorder for the second transaction, the recorder either malfunctioned or Grady forgot to turn it on

before he entered into the transaction with Brookins, so there is no recording from the second sale.

At trial the Government also sought to admit testimony from Grady that he had purchased drugs from Brookins on several prior occasions in 1986 and 1987, up to three years before Brookins' arrest. After an inquiry outside the jury's presence, the trial judge decided to admit the evidence under Fed.R.Evid. 404(b).

After trial Brookins moved for a judgment of acquittal under Fed.R.Crim.P. 29(b), which motion was denied. Brookins timely appeals.

# II. DISCUSSION

## A. *Sale of Crack Within 1,000 Feet of an Elementary School*

Brookins first argues that the Government failed to prove that the institution within 1,000 feet of the convenience store that was alleged to be a school was in fact a school. Brookins suggests that this Court must undertake to define "school" for the purposes of 21 U.S.C. § 845a. That statute provides that anyone who distributes drugs within 1,000 feet of an elementary or secondary school is subject to double penalties for violation of the basic prohibition on distribution of illegal drugs. Despite Brookins' suggestion, however, this Court does not need to pursue the definition of an elementary school. There was sufficient evidence before the jury to allow it to conclude that the institution within 1,000 feet of the convenience store was an elementary school under any definition (or at least under any common or

---

**1.** Section 841(a)(1) provides:
   **§ 841. Prohibited acts A**
   **Unlawful acts**
   (a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
   (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....
   21 U.S.C. § 841(a)(1).

**2.** Section 845a provides, in pertinent part:

**§ 845a. Distribution or manufacturing in or near schools and colleges**
   **(a) Penalty**
   Any person who violates section 841(a)(1) ... of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school ... is ... punishable ... by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title....
   21 U.S.C. § 845a(a).

reasonable definition, or under any definition suggested by Brookins). Although he attempts to infuse this issue with something more, what Brookins has raised is really only a garden-variety sufficiency of the evidence claim.

The applicable standard of review of this issue is well settled: Brookins' conviction must be sustained if, considering the evidence in the light most favorable to the Government, a rational trier of fact could have found that the evidence established each of the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). In this case there was considerable evidence before the jury from which it could reasonably conclude that the institution at issue was in fact an elementary school. One of the FBI agents testified that an elementary school was located on the property at issue; he stated that he and another agent were in the area of the school on a daily basis during their efforts to arrest Brookins, and that on every school day during that period he observed children playing on the playground at the school under adult supervision. In addition, a Meridian city engineer located the school property for the jury on an official map of the city of Meridian, and testified that while the property had previously been abandoned for some time, for the last several years it had been used as an elementary school. Brookins did not object to the engineer's testimony and did not present any contrary testimony. Plainly, this evidence was sufficient to allow the jury to conclude beyond a reasonable doubt that the institution at issue was an elementary school.

### B. *The Sufficiency of the Evidence Generally*

Brookins also challenges the sufficiency of the evidence as to the other elements of his convictions. This challenge is also without merit. The same standard of review applies, and it is plain that there was sufficient evidence before the jury to allow it to conclude that Brookins was guilty beyond a reasonable doubt of possession of crack cocaine with intent to distribute it. The most damning evidence against Brookins was the tape recording of his sale of cocaine to the FBI's informant. That tape recording, combined with the testimony of the informant, was certainly enough to support Brookins' convictions.

For good measure, though, the Government also introduced the testimony of two FBI agents who testified that on both occasions on which the informant purchased drugs from Brookins, one of the agents had given the informant $1,000 to buy drugs, and that an agent had searched the informant and his car to make sure there were no drugs in the informant's possession before the sale. The agents also testified that they watched the informant go into the convenience store where Brookins was, and that on the first occasion the informant came out with $300, crack, and a tape recording of the sale, and on the second occasion he came out with crack but no recording. The jury could readily infer from this testimony and the other evidence adduced by the Government that Brookins was guilty of the crimes charged.

Brookins argues that the testimony of the confidential informant was not at all credible, because the informant is an admitted drug user and was being paid by the Government for his assistance in the effort to arrest and convict Brookins. This argument is not properly raised before this Court; it is axiomatic that it is the jury, and not the court, which is to weigh the credibility of witnesses and decide who to believe. *United States v. Bailey*, 444 U.S. 394, 415–16, 100 S.Ct. 624, 637–38, 62 L.Ed.2d 575 (1980). Brookins was entitled to present to the jury all of his evidence impeaching the informant's credibility (which he did), and the jury was entitled to weigh that evidence as it saw fit. In any case, it is clear that even without the testimony of the informant, the tape recording and testimony of the FBI agents would have been enough to sustain Brookins' convictions.

### C. *Evidence of Prior Bad Acts*

At trial the Government sought to introduce testimony from its confidential infor-

mant regarding several prior occasions on which the informant had purchased drugs from Brookins. Because Brookins was not charged with any crime in relation to those earlier sales, the question was whether the evidence could properly be admitted under Fed.R.Evid. 404(b).[3]

■ The rules for admitting evidence under Rule 404(b) are well established. The evidence is admissible if it is relevant to some issue other than the defendant's character, and if its probative value is not substantially outweighed by undue prejudice. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). The trial court expressly considered both of these factors, and found that the evidence was relevant to show Brookins' opportunity, intent, knowledge, or absence of mistake, and that the probative value of the evidence was not substantially outweighed by any danger of undue prejudice. Accordingly, the court admitted the evidence.

■ The court did not err. Grady's testimony about his prior drug purchases from Brookins was highly probative of Brookins' guilt, and was not outweighed by any danger of undue prejudice. Rule 404(b) permits the prosecution to introduce evidence of a defendant's prior bad acts if that evidence establishes a particular *modus operandi* of the defendant—that is, "[t]o prove other crimes by the accused so nearly identical in method as to earmark them as the handiwork of the accused." E. Cleary, McCormick on Evidence § 190, at 559 (3d ed. 1984). The previous transactions about which Grady testified were identical to the transactions which led to the charges against Brookins: selling crack cocaine, packaged in matchboxes, out of the same convenience store.[4] Moreover, Grady's testimony about the prior transactions tended to show that Brookins' presence at the store did not come about "inadvertently, accidentally, involuntarily, or without guilty knowledge." *See* McCormick on Evidence § 190, at 561 (footnotes omitted). The Government proved that Brookins was in the store when Grady went there; Grady's testimony about Brookins' prior drug sales in that store tends to rebut any claim by Brookins that his presence at the store was innocent.[5]

Brookins raises two objections to the admission of the evidence: he argues 1) that the Government sought to introduce the evidence for an improper purpose, and 2) that the evidence was too far removed in time to be relevant to the events that are the subject of Brookins' prosecution. Both arguments fail. As to the first, Brookins is correct that the Government sought to in-

---

**3.** That rule provides:

> **Rule 404. Character Evidence not Admissible to Prove Conduct; Exceptions; Other Crimes**
>
> .    .    .    .    .
>
> **(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
>
> Fed.R.Evid. 404(b).

**4.** *See United States v. Anderson*, 881 F.2d 1128, 1142 (D.C.Cir.1989) (admitting testimony that defendant, charged with possession of cocaine with intent to distribute, had sold drugs out of his apartment on two prior occasions); *United States v. Santana*, 877 F.2d 709, 710 (8th Cir. 1989) (admitting testimony of DEA agent as to prior drug sales by defendant); *United States v. Harris*, 738 F.2d 1068, 1072 (9th Cir.1984) (ad-

mitting testimony that defendant had previously supplied the informer with an airplane to assist an earlier, but unrelated, drug-smuggling conspiracy).

**5.** *See United States v. Kaufman*, 858 F.2d 994, 1005 (5th Cir.1988) (noting that earlier conviction for possession of marijuana was similar enough to charge of importing marijuana to shed light on defendant's intent to participate in drug conspiracy); *United States v. Ramirez*, 894 F.2d 565, 568–69 (2d Cir.1990) (holding that after the defendant denied any knowledge of the contents of a package he received, evidence that the defendant had engaged in prior drug transactions was admissible to show that the defendant knew the package contained drugs); *United States v. Haynes*, 881 F.2d 586, 589–90 (8th Cir.1989) (holding that evidence of the defendant's prior operation of "weed houses" tended to show that defendant, whose residence was found to contain a substantial amount of cocaine, was involved in a conspiracy to deal cocaine).

**286**

troduce the evidence for an improper purpose: the prosecutor made statements to the judge that clearly indicate that the prosecutor sought to introduce the testimony for the purpose of proving Brookins' character and that Brookins acted conformably with his character when he sold crack to the informant. This Court, however, does not review the actions of the prosecutor; this Court reviews the action of the trial judge, and it is clear that despite the prosecutor's desire to use the evidence improperly, the trial court admitted the evidence for proper purposes. Moreover, the trial judge gave the jury an instruction which properly limited the scope of the jury's consideration of the evidence. The jury is presumed to have followed that instruction. *Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6, 103 S.Ct. 843, 853 n. 6, 74 L.Ed.2d 646 (1983).

■ Brookins' second argument—that the evidence related to events too far removed in time to be relevant to the events at issue in Brookins' prosecution—is equally unavailing. While the length of time separating the prior bad acts from the acts that are the subject of the prosecution is one factor properly considered in assessing the probative value of the evidence, *United States v. Gordon*, 780 F.2d 1165, 1173 (5th Cir.1986), the trial court expressly considered this factor, along with the other factors specified by this Court in Gordon, and found that in light of all of those factors the prior drug sales were recent enough to retain their probative value. The Court perceives no error on the part of the trial judge in admitting this evidence.

### III. CONCLUSION

The judgment of the district court is affirmed.

AFFIRMED.