The appellant, Peter Carroll, pleaded guilty to charges of possession of cocaine. He was sentenced to four years' imprisonment; however, his sentence was suspended and, instead, he was placed on two years' probation upon his spending one year in confinement and undergoing drug treatment and counseling.
The appellant contends that the sentencing court denied him his constitutional right to equal protection when it sentenced him to a punishment that was more severe than that imposed upon his codefendant. The appellant claims that the judge sentenced the appellant to a greater punishment than the codefendant because the appellant was not from Montgomery County.
Nothing in the record supports the appellant's allegations. We cannot review facts that are not shown on the record. Exparte Olson, 472 So.2d 437 (Ala. 1985). See also Cagle v.State, 504 So.2d 1225, 1226 (Ala.Cr.App. 1987) ("[c]onstitutional issues must be raised at trial before they can be considered by this court"); Cartwright v. State,466 So.2d 1023 (Ala.Cr.App. 1985). This rule also applies to errors in the sentencing proceedings where the appellant raises an issue for the first time on appeal. Ex parte Jackson,590 So.2d 901 (Ala. 1991) (overruling the proposition that a sentencing error is jurisdictional in nature and not subject to waiver). See also Phillips v. State, 518 So.2d 833 (Ala.Cr.App. 1987) (errors in the sentencing proceeding must be preserved for review).
Further, even if we were to consider the appellant's argument, it would fail under the facts reflected by the record. Using an equal protection analysis, the appellant argues that his sentence was disproportionate to the sentence that his codefendant received. However, he cites as his only authority Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001,77 L.Ed.2d 637 (1983), which is inapplicable to this case because we have held that Solem applies only to cases "where the defendant was sentenced to life imprisonment without possibility of parole for the conviction of a nonviolent crime." Maddox v. State, 502 So.2d 790, 792 (Ala.Cr.App. 1986), writ denied, 502 So.2d 794 (Ala. 1987), cert. denied,481 U.S. 1051, 107 S.Ct. 2185, 95 L.Ed.2d 841 (1987) (citing McLester v.State, 460 So.2d 870 (Ala.Cr.App. 1984)). Further, Solem has recently been overruled by the United States Supreme Court inHarmelin v. Michigan, ___ U.S. ___, 111 S.Ct. 2680,115 L.Ed.2d 836 (1991).
Regardless, "[s]eparate treatment of defendants does not violate any constitutional guarantee of equal protection so long as that treatment is reasonable and founded on a rational basis." Wheatt v. State, 410 So.2d 479 (Ala.Cr.App. 1982). Cf.Maddox, 502 So.2d at 793 ("variation in sentence between co-actors in a criminal transaction alone does not make the harsher sentence cruel and unusual" punishment *Page 1245 
under the Eighth Amendment). See also, Cano v. State,543 So.2d 724 (Ala.Cr.App. 1989), cert. denied, 493 U.S. 934,110 S.Ct. 325, 107 L.Ed.2d 315 (1989). We also note that "[s]entencing judges are vested with wide discretion" and that "there is no requirement that two persons convicted of the same offense receive identical sentence." Maddox, 502 So.2d at 793 (quotingWilliams v. Illinois, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023,26 L.Ed.2d 586 (1970)). We find nothing in the record that reflects any unreasonable treatment or irrational basis.
AFFIRMED.
All the Judges concur.