ON RETURN TO REMAND
On original submission, we remanded this case to the trial court, instructing it to hold a new sentencing hearing to determine whether the state could "prove by a preponderance of the evidence that the sale occurred within a three-mile radius of a school or a public housing project." Hesterv. State, 597 So.2d 1307 (Ala.Cr.App. *Page 421 
1992) (emphasis supplied). After reviewing the record submitted on return to remand, it is apparent that the trial court only partially complied with our instructions. The trial court received evidence indicating that the sale of a controlled substance occurred approximately 60 feet from the "J.W. Stewart Headstart," and approximately 400 feet from the "Sixth Street Housing Project." If these two institutions are as their names suggest, then the state did meet the burden of proving that the sale of a controlled substance occurred within three miles of both an educational institution and a public housing project. See §§ 13A-12-250 and -270, Code of Alabama 1975. However, the record before us is devoid of any evidence that would indicate whether the "J.W. Stewart Headstart" is an educational institution or whether the "Sixth Street Housing Project" is a public housing project owned by a housing authority. Because the state has again failed to prove by a preponderance of the evidence[1] that the sale of a controlled substance occurred within a three-mile radius of an educational institution or a public housing project owned by a housing authority, we must again remand this cause for a new sentencing hearing.
What type of evidence is necessary for the state to meet its burden of proof when attempting to enhance the sentence of an individual convicted of the unlawful sale of a controlled substance pursuant to §§ 13A-12-250 and -270 is an issue of first impression in this state.[2] After reviewing other authorities, it is apparent that no specific criteria exist.[3] Basically, reviewing courts determine if the evidence presented at trial concerning the institutions near which the sale took place shows that the institution has the typical attributes of an educational institution or a public housing project. See, e.g., United States v. Brookins,919 F.2d 281, 284 (5th Cir. 1990) (children observed on a daily basis playing on playground while under adult supervision). Sometimes, the prosecution will offer evidence by local officials who know the existence and location of such facilities. See United States v. Campbell, 935 F.2d 39
(4th Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 348,116 L.Ed.2d 287 (1991) (city land-survey analyst and police officer of same city testified as to school's existence and location);Brookins, 919 F.2d at 284 (city engineer and F.B.I. agent testified as to school's location and existence). In one case, State v. Ivory, 124 N.J. 582, 592 A.2d 205
(1991), the appeals court based its decision on a record that included, among other evidence, a lease agreement, as well as other agreements, which apparently indicated the board of education's ownership of the property, as well as the use of the property for school purposes.
It would be impossible for this Court to list each attribute of an educational institution or of a public housing project owned by a housing authority. However, determinations as whether an institution is one or the other, based on a preponderance of the evidence[4] must involve a review of all of the testimony offered at trial and at sentencing. The evidence offered should be given by persons who are knowledgeable as to the existence and nature of those *Page 422 
institutions. See, e.g., Brookins, 919 F.2d at 284
(F.B.I. agent indicated that "he observed children playing on the playground at the school under adult supervision"). Once the state has met its burden of proof, it would be up to the defendant to offer any evidence in dispute. The failure to offer evidence weakens the defendant's position. SeeCampbell, 935 F.2d at 45; Brookins,919 F.2d at 284.
Because the record in this case does not contain the evidence necessary for this court to conclude that the trial court correctly determined that the "J.W. Stewart Headstart" is an educational institutional and that the "Sixth Street Housing Project" is a public housing project owned by a housing authority, we remand this cause to the trial court for a new sentencing hearing. At the new sentencing hearing, inaddition to those facts that it developed in the last sentencing hearing, i.e., the distances from the point of sale to the "J.W. Stewart Headstart" and the "Sixth Street Housing Project," the trial court should gather those facts necessary to allow it to clearly determine by a preponderance of the evidence whether the "J.W. Stewart Headstart" is an educational institution and whether the "Sixth Street Housing Project" is a public housing project owned by a housing authority. The trial court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this Court at the earliest possible time and within 60 days of the release of this opinion. The parties, of course, do not relinquish their respective positions regarding the other issues raised on appeal, and this Court reserves comment on those issues until the trial court complies with the directions contained herein and until a proper return is made to this Court.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.
[1] We note that, contrary to Hester's assertion in his supplemental brief filed with this court on return to remand, the preponderance of the evidence standard set forth under A.R.Cr.P. 26.6(b)(2) does not violate the United States Constitution. See McMillan v. Pennsylvania,477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). However, we agree with the state that this issue is not preserved for appellate review, because it is presented for the first time on appeal. See Newsome v. State, 570 So.2d 703, 716 (Ala.Cr.App. 1989).
[2] In fact, we found no cases wherein the defendant's sentence was enhanced because the site of the crime occurred within a specified distance from any housing project. However, because the enhancement provisions of §§ 13A-12-250 and -270, Code of Alabama 1975, apply to the same substantive crime, we will apply the analysis of cases concerning "school yard statutes" to the question of sales occurring near a public housing project.
[3] We found only three cases during our research that concerns the question presented on appeal. United States v.Campbell, 935 F.2d 39 (4th Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 348, 116 L.Ed.2d 287 (1991); United Statesv. Brookins, 919 F.2d 281 (5th Cir. 1990); State v.Ivory, 124 N.J. 582, 592 A.2d 205 (1991).
[4] "(2) Disputed facts shall be determined by the preponderance of evidence. Evidence may be presented by both the state and the defendant as to any matter that the court deems probative on the issue of sentence. . . . Any evidence that the court deems to have probative value may be received, regardless of its admissibility under the rules of evidence."
A.R.Cr.P. 26.6(b)(2).