Alvin Facion pleaded guilty to and was convicted of the unlawful distribution of cocaine. He was sentenced to ten years' imprisonment as a habitual felony offender. That sentence was enhanced by an additional five years' imprisonment because the sale occurred within three miles of a school, Ala. Code 1975, § 13A-12-250, and by another five years' imprisonment because the sale also occurred within three miles of a public housing project, § 13A-12-270.
On this appeal from that conviction, the appellant argues that he was denied his constitutional right of equal protection because his sentence was enhanced under both the schoolyard enhancement provision and the public housing project enhancement provision while the sentence of another defendant, Joe Nathan Duncan, who sold drugs in the same location, was enhanced only by the schoolyard enhancement provision.
The appellant's sentence was properly enhanced under both the schoolyard and the public housing project enhancement provisions. McGee v. State, 607 So.2d 344, 346 (Ala.Cr.App. 1992).
The appellant has failed to demonstrate that he was subjected to unequal treatment in violation of the constitution. "[A] defendant who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.' " McCleskey v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 1767,95 L.Ed.2d 262 (1987).
 "This court has previously held that, although no clear standards exist for quantum or type of proof sufficient to illustrate discriminatory enforcement of a statute . . ., three elements must generally be proved: selectivity in enforcement; selectively that is intentional; and selectivity based upon some invidious or unjustifiable standard such as race, religion, or other arbitrary classification. It is insufficient merely to show that other violators have not been prosecuted, that there has been laxity in enforcement, or that there has been conscious exercise of some selectivity in enforcement."
DeShazo v. City of Huntsville, 416 So.2d 1100, 1103
(Ala.Cr.App. 1982). See also Carroll v. State, 599 So.2d 1243,1244-45 (Ala.Cr.App. 1992).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.