# UNITED STATES of America

## v.

## Cleophus SALERY, III.

### Crim. No. 93–167–N.

United States District Court, M.D. Alabama, N.D.

Aug. 5, 1993.

---

Charles ·Teschner, Asst. U.S. Atty.,' Montgomery, AL, for U.S.

Bruce Maddox, Montgomery, AL, for Cleophus Salery.

### *ORDER*

MYRON H. THOMPSON, Chief Judge.

Defendant Cleophus Salery, III was charged with and convicted of possession of "crack" cocaine with the intent to distribute it, in violation of 21 U.S.C.A. § 841(a)(1). This cause is now before the court on the government's pretrial motion in limine to introduce extrinsic act evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. The trial in this cause was held on July 30, 1993. Before the close of the government's case-in-chief, the court orally and

summarily granted the motion and allowed the government to introduce the evidence. Although the government later withdrew its motion to introduce the extrinsic act evidence after Salery made certain stipulations, the court promised that a written order giving the basis for its rulings would follow. This is the promised order.

## I. BACKGROUND

On the morning of April 23, 1993, Corporal Terry W. Reid of the Montgomery Police Department was patrolling the Lee High School parking lot in his car when he was flagged down by two women in an automobile. They told him that several male students were skipping school and standing near a 280ZX automobile near Lee High School. Reid drove to where a 280ZX automobile was parked one block away from the high school. He saw a group of young people standing by the car. Reid subsequently conducted a search of the car with Salery's consent and found crack cocaine in a plastic bag in a console next to the driver's seat. A search of the car incident to arrest revealed more crack cocaine, totalling 9.54 grams. The car is owned by Salery's girlfriend.

At trial, the government sought to introduce as extrinsic act evidence the testimony of Detective M.L. Gantt of the Montgomery Police Department. According to the government, Gantt would have testified that over four years ago, on March 30, 1989, Salery was arrested at Lee High School by another Montgomery Police officer, Detective J.W. Clark, for possession of three grams of cocaine with intent to distribute. When he was arrested, Salery had approximately three grams of cocaine and $226. Upon learning that Salery was 20 years old, Detective Clark brought Salery and the evidence to Detective Gantt. After Salery signed a waiver of his *Miranda* rights, Salery told Gantt that he found the cocaine on the school grounds and that he sold a certain amount for $226 to someone else at school.[1] The government was unable to produce the record of conviction because Salery had been convicted under Alabama's Youthful Offender Act and the government had been unable to obtain per-

mission to unseal the conviction from the sentencing judge who was out of town and thus unavailable. The government therefore sought to introduce Gantt's testimony but not the record of conviction itself.

## II. DISCUSSION

■ In evaluating the admissibility of extrinsic act evidence under Rule 404(b), the court must apply a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) as part of the relevance analysis, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by undue prejudice. *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir.) (en banc), *cert. denied*, —— U.S. ——, 113 S.Ct. 382, 121 L.Ed.2d 292 (1992).

### *Relevance*

■ The extrinsic act evidence the government sought to introduce—a prior incident of possession of cocaine with intent to distribute—was relevant to the issue of Salery's intent to distribute here. Intent to distribute is an element of the charged offense. Salery responded that his defense would be that he did not possess the cocaine and therefore that intent was not at issue. Salery's counsel, however, conceded that intent to distribute was an element of the charged offense that the government was required to prove. Salery's counsel also stated that Salery was not willing to stipulate that he had an intent to distribute. It is well-settled that "the government may introduce evidence of the defendant's extrinsic acts to prove intent if the defendant does not 'affirmatively take the question of intent out of contention by stipulating ... [to] the requisite intent.'" *United States v. Diaz–Lizaraza*, 981 F.2d 1216, 1224 (11th Cir.1993) (quoting *United States v. Costa*, 947 F.2d 919, 925 (11th Cir. 1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2289, 119 L.Ed.2d 213 (1992)). "A defendant's strategic decision not to focus the defense on the intent issue falls far short of a

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

stipulation that the defendant possessed the requisite intent." *Diaz–Lizaraza,* 981 F.2d at 1225. Thus, unless Salery was willing to stipulate to having an intent to distribute, the extrinsic act evidence was relevant.

### Sufficiency of Evidence

■ The government's evidence was sufficient to support a finding that Salery committed the prior act. The government planned to introduce the testimony of Detective Gantt concerning Salery's arrest but not the record of conviction. The Eleventh Circuit has noted that "[g]enerally, evidence of an arrest without a conviction is not sufficient to prove commission of an offense." *Diaz–Lizaraza,* 981 F.2d at 1225. The government's evidence went beyond a mere arrest, however. The government claimed that it would show that Salery was arrested with cocaine and cash on him and that he admitted that he had sold the cocaine at Lee High School.

### Probative Value Versus Prejudice

■ In determining whether the probative value of the extrinsic act evidence is substantially outweighed by any unfair prejudice caused by that evidence, "a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the government's need for the evidence to prove intent." *Diaz–Lizaraza,* 981 F.2d at 1225. The Eleventh Circuit has noted that "[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance." *United States v. Perez–Garcia,* 904 F.2d 1534, 1545 (11th Cir. 1990) (citation omitted). The charged and extrinsic offenses here are almost identical. Both involved possession with intent to distribute cocaine. Both occurred at the same place, Lee High School. The amount of cocaine involved was roughly similar, approximately three grams in the extrinsic offense and 9.54 grams in the charged offense. In fact, in arguing that admitting the evidence would be unduly prejudicial, Salery admitted that the two acts are "essentially the same in nature and character."

The government's need for the evidence was great. There were no witnesses who saw Salery try to sell the cocaine and the government had no other direct evidence to prove intent to distribute. *See Diaz–Lizaraza,* 981 F.2d at 1225 ("[T]he government had a strong need for this extrinsic act evidence because [defendant] denied any connection with the transaction at issue, and there were no overwhelmingly credible witnesses to testify to [defendant's] intent to distribute cocaine."); *United States v. Cardenas,* 895 F.2d 1338, 1343–44 (11th Cir.1990).

Admittedly, the amount of time between the charged and extrinsic offenses, over four years, was of some concern to the court. However, due to the great similarity between the two offenses, however, the court finds that "the prior drug sales were recent enough to retain their probative value." *United States v. Brookins,* 919 F.2d 281, 286 (5th Cir.1990). The Eleventh Circuit has noted that "decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." *United States v. Pollock,* 926 F.2d 1044, 1048 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 593, 116 L.Ed.2d 617 (1991). In *Pollock* and in *United States v. Bennett,* 848 F.2d 1134, 1137–38 (11th Cir.1988), both of which involved possession with intent to distribute cocaine, the Eleventh Circuit upheld extrinsic act evidence relevant to intent that occurred five years before the charged offense.

Although the extrinsic act evidence here would undoubtedly have prejudiced the defendant, especially because the extrinsic offense is so similar to the charged offense, the probative value of the extrinsic act evidence was not substantially outweighed by the prejudice. In addition, the court was willing to give limiting instructions to the jury that it should consider the extrinsic act evidence only in determining whether Salery had the intent to commit the charged offense. Accordingly, the court correctly concluded that the government's motion in limine to introduce extrinsic act evidence had merit.

### Intent to Possess

■ In response to this ruling, which was made orally in open court, Salery offered to stipulate that he had the intent to distribute

cocaine. As explained above, "the government may introduce evidence of the defendant's extrinsic acts to prove intent if the defendant does not 'affirmatively take the question of intent out of contention by stipulating ... [to] the requisite intent.'" *Diaz–Lizaraza,* 981 F.2d at 1224 (citation omitted). The government responded that the extrinsic act evidence was relevant not only to Salery's intent to distribute but also to Salery's intent to possess cocaine. In order to prove a violation of 21 U.S.C.A. § 841(a)(1), the government must prove both that the defendant intended to distribute cocaine *and* that the defendant knowingly and willfully possessed cocaine. "Willfully" is defined as committing an act "voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law." Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 9.1, at 17 (1985); *see United States v. Diecidue,* 603 F.2d 535, 548 (5th Cir.1979) (approving this jury instruction), *cert. denied,* 445 U.S. 946, 100 S.Ct. 1345, 63 L.Ed.2d 781 (1980). Thus, the government must prove that the defendant had the "specific intent," as that term is used above, to possess cocaine. *See Cardenas,* 895 F.2d at 1342 (referring to government's burden of proving "intent to possess and distribute drugs"). The extrinsic act evidence—possession with intent to distribute cocaine—necessarily encompassed Salery's intent to possess as well as his intent to distribute. Therefore, the extrinsic act evidence was relevant to Salery's intent to possess cocaine in the charged offense.

■ As explained above, the government's evidence was sufficient to support a finding that Salery committed the prior act. Also as noted above, the probative value of the evidence was not substantially outweighed by any unfair prejudice. The government's need for the extrinsic act evidence to prove Salery's intent to possess was great. The government had little evidence to show that Salery intended to possess the cocaine that

was found in the car, other than the fact that Salery often drove the car, which was owned not by Salery but by his girlfriend. Accordingly, the court found that the government could introduce the extrinsic act evidence to show specific intent to possess cocaine.

### Knowing Possession

In response to this ruling, Salery offered to stipulate to willful possession of cocaine as well as to intention to distribute cocaine, which left "knowing" possession of cocaine as the only issue for the jury. The government accepted this stipulation and withdrew its motion in limine. The court accepted Salery's stipulation after ascertaining, outside the presence of the jury, that Salery was competent to enter into the stipulation and that the stipulation was made knowingly and voluntarily.[2] Under the stipulation, if the jury found that Salery was guilty of knowing possession of the cocaine then the court could adjudicate Salery guilty of willful and knowing possession of cocaine with intent to distribute it.[3]

Accordingly, it is ORDERED that the government's motion in limine to introduce extrinsic act evidence pursuant to Rule 404(b) of the Federal Rules of Evidence, filed July 29, 1993, is denied on the condition that defendant Cleophus Salery, III, has stipulated to willful possession of cocaine as well as to intention to distribute cocaine should the jury find him guilty of knowing possession of cocaine.

---

**2.** Because the government accepted Salery's stipulation and withdrew its motion, the court did not have to reach whether the extrinsic act evidence could be introduced to prove Salery's knowing possession of the cocaine.

**3.** The jury found Salery guilty.