The appellant, Randall Broaden, pleaded guilty, pursuant to a plea agreement, to possession of cocaine, a violation of § 13A-12-212, Code of Alabama 1975, and to distribution of cocaine, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to three years in prison on each case, those sentences to be served concurrently.
 I
The state argues that the appellant's sentence is not correct and requests that this cause be remanded so that the appellant can be correctly sentenced. Specifically, the state contends that because the sale of the controlled substance occurred within three miles of a school, the appellant's sentence should be enhanced under § 13A-12-250, Code of Alabama 1975.
The record shows that the plea agreement provided that the state would waive application of § 13A-12-250 and recommend that the appellant be sentenced to three years in prison. The state now asserts, and we agree, that this enhancement provision cannot be waived. Section 13A-12-250 states:
 "In addition to any penalties heretofore or hereafter provided by law for any person convicted of an unlawful sale of a controlled substance, there is hereby imposed a penalty of five years incarceration in a state corrections facility with no provision for probation if the situs of such unlawful sale was on the campus or within a three-mile radius of the campus boundaries of any public or private school, college, university or other educational institution in this state."
This court on many occasions has held that the enhancement provisions of § 13A-12-250 and § 13A-12-270, which provides for an enhanced sentence if the sale occurs within a three-mile radius of a public housing project, are mandatory. Cunny v.State, 629 So.2d 693 (Ala.Cr.App. 1993); Burks v. State,611 So.2d 487 (Ala.Cr.App. 1992); McGee v. State, 607 So.2d 344
(Ala.Cr.App. 1992); Green v. State, 586 So.2d 54 (Ala.Cr.App. 1991).
 " '[W]e believe that the legislature clearly intended to protect these areas . . . from the evils associated with drug activities,' Qualls v. State, 555 So.2d 1158, 1165 (Ala.Cr.App. 1989), and to provide for more serious sentences to those individuals who sell illegal drugs near schools or housing projects."
McGee, 607 So.2d at 347.
These statutes are mandatory. If there is evidence that would require the application of one, or both, of these statutes, the prosecutor should bring that evidence to the attention of the court so that the trial court may sentence the defendant accordingly.
In this case the appellant stipulated as to the factual basis for his plea. Therefore, it is not clear from the record whether there was evidence before the court that would require that the appellant's sentence by enhanced pursuant to §13A-12-250. Ordinarily, we would remand this case to the trial court for a determination of whether the appellant should be sentenced under the enhancement provision of § 13A-12-250. However, because we reverse the appellant's guilty plea and remand the case on another ground, we need not remand the case for this reason.
 II
The appellant contends that his plea was not entered voluntarily or intelligently because, he says, he was not informed of the range of sentence he could receive. The failure to inform a defendant of the minimum and maximum sentence that he could receive by pleading guilty constitutes a defect in the guilty plea that goes to the voluntariness of the plea.Gordon v. Nagle, 647 So.2d 91 (Ala. 1994); Ex parte Rivers,597 So.2d 1308 (Ala. 1991). Because the appellant was incorrectly informed that his sentence would not be enhanced under §13A-12-250, *Page 370 
the appellant's plea was involuntary. Thus, the judgment is reversed and the cause remanded so that the appellant can have the opportunity to withdraw his plea of guilty, if he so desires.
For the foregoing reasons, the judgment is reversed and the cause remanded to the Circuit Court for Coffee County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.