TAYLOR, Judge.
The appellant, Freda Faye Freeman, pleaded guilty to two counts of distributing a controlled substance, cocaine, a violation of § 13A-12-211, Code of Alabama 1975. She was sentenced to 14 years in prison on each count, to be served concurrently.
The state requests that this cause be remanded to the Circuit Court for Etowah *91 County so that the appellant’s sentences may be enhanced by an additional five years’ imprisonment on each count, pursuant to § 13A-12-250, Code of Alabama 1975, because, it says, the sales occurred within three miles of a school.
On many occasions this court has held that the enhancement provision of § 13A-12-250 is mandatory. Broaden v. State, 645 So.2d 368 (Ala.Cr.App.1994); Cunny v. State, 629 So.2d 693 (Ala.Cr.App.1993); Burks v. State, 611 So.2d 487 (Ala.Cr.App.1992); McGee v. State, 607 So.2d 344 (Ala.Cr.App.1992); Green v. State, 586 So.2d 54 (Ala.Cr.App.1991).
If there was evidence that required that § 13A-12-250 be applied and the appellant’s sentence be enhanced, the prosecutor should have brought this evidence to the attention of the trial court before the acceptance of the plea. The record of the plea hearing reflects that no reference was made to the applicability of the enhancement provision of § 13A-12-250 to the appellant’s sentence. However, at the sentencing hearing the prosecutor stated that the transactions occurred within four blocks of Glencoe High School.
We are compelled to reverse the judgment because the appellant was not informed of the correct sentence she could receive by pleading guilty when the enhancement provision of § 13A-12-250 is applied. The Supreme Court of Alabama has stated that misinformation on the range of sentence renders a plea involuntary. Gordon v. Nagle, 647 So.2d 91 (Ala.1994); Ex parte Rivers, 597 So.2d 1308 (Ala.1991).
Thus, the judgment must be reversed and the cause remanded to the Circuit Court for Etowah County so that the appellant can be afforded the opportunity to withdraw her guilty plea if she so desires. The court should consider the applicability of § 13A-12-250 in any resentencing proceeding.
REVERSED AND REMANDED.
All the Judges concur.