The appellant, Sandy Joe Brock, was convicted of unlawful distribution of cocaine, a violation of § 13A-12-211, Ala. Code 1975. The trial court sentenced the appellant to two years for his conviction for unlawful distribution of controlled substances, an additional five years because the sale occurred within a three-mile radius of a school, and an additional five years because the sale also occurred within a three-mile radius of a public housing project. The appellant offers one argument on direct appeal.
The appellant contends that his sentence was incorrectly enhanced under § 13A-12-250, Ala. Code 1975, and § 13A-12-270, Ala. Code 1975. Specifically, the appellant argues that the trial court erred in applying these statutes, because, he argues, the State did not prove by a preponderance of the evidence that the sale of a controlled substance occurred within a three-mile radius of a school campus or a public housing project. The appellant further contends that he is entitled to a new sentencing hearing. We agree.
 "[A]t the sentencing hearing, the state must prove by 'the preponderance of evidence' that the sale occurred within a three-mile radius of a school campus. Ex parte Johnson, 597 So.2d 1305, 1306
(Ala. 1991). See also Rule 26.6(b)(2), A.R.Crim.P. This . . . requirement is met if a witness testifies that he has measured the distance from the school campus to the location of the sale and that the site of the sale is within the three-mile radius. It is not sufficient for the trial court to take judicial notice of the fact that the crime occurred within three miles of a school campus."
Cunny v. State 629 So.2d 693, 696 (Ala.Cr.App. 1993) (citations omitted).
At the sentencing hearing, the State asked that the appellant's sentence be enhanced under the statutes providing sentence enhancement for a person convicted of selling drugs on a campus or within a three-mile radius of the campus boundaries of any school campus and within a three-mile radius of a public housing project. The trial court took judicial notice of the fact that the sale occurred within five blocks of Wilkerson School and within one and one-half miles of the Smithfield Housing Projects. The court then enhanced the appellant's sentence accordingly. (R. 249.) The trial judge made these findings on the basis of his long familiarity with the area, which he recited in detail for the record. (R. 248-52.) The prosecution, however, offered no proof of the relative distance. Defense counsel objected to the imposition of the two enhancement statutes based on the State's failure to produce evidence of the distance at the sentencing hearing. (R. 249, 251.) Because the State did not offer proof of the location of the crime, the appellant is entitled to a new sentencing hearing. See Rule 26.6(b)(2), Ala. R. Crim. P. *Page 1199 
For the foregoing reasons, this cause is remanded to the Circuit Court of Jefferson County, for the purpose of conducting a new sentencing hearing. Due return shall be filed with this court within 63 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the reporter of decisions: On April 18, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
 *Page 290