The appellant, Janet Lynn Wild, pled guilty to unlawful distribution of morphine, a violation of § 13A-12-211, Ala. Code 1975. The trial court sentenced her to two years in prison and enhanced that sentence by an additional five years in prison because the sale occurred within three miles of a school. See § 13A-12-250, Ala. Code 1975. This appeal follows.
 I.
The appellant contends that the trial court improperly enhanced her sentence pursuant to § 13A-12-250, Ala. Code 1975, because the State allegedly did not sufficiently prove that the sale occurred within three miles of a school. She specifically argues that the State's witness, Officer Lou Spencer, did not testify that he measured the distance from the location of the sale to the nearest school. For purposes of enhancing a defendant's sentence pursuant to § 13A-12-250, Ala. Code 1975, the State must prove, "`by a preponderance of the evidence,'" that the sale occurred within three miles of a school. Lane v. State,644 So.2d 1318, 1322 (Ala.Cr.App. 1994) (quoting Powell v. State,600 So.2d 1085, 1087 (Ala.Cr.App. 1992)). A "preponderance of evidence" is defined as "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not." Black's Law Dictionary 1182 (6th ed. 1990). For purposes of applying § 13A-12-250, the trial court may not take judicial notice that a sale of a controlled substance occurred within a three-mile radius of a school. Brock v. State,697 So.2d 1197 (Ala.Cr.App. 1996); Cunny v. State, 629 So.2d 693
(Ala.Cr.App.), appeal after remand, 629 So.2d 697 (Ala.Cr.App. 1993). However, testimony from an officer who is familiar with the location of the sale is sufficient to establish that the sale occurred within three miles of a school. See Anderson v. State,641 So.2d 1299 (Ala.Cr.App. 1994); Grider v. State,600 So.2d 401 (Ala.Cr.App.), cert. denied, 600 So.2d 404 (Ala. 1992). Moreover, it is not necessary that the officer testify about a "specific measurement" of the distance from the *Page 263 
site of the sale to the nearest school for the enhancement provision to apply. See Fletcher v. State, 675 So.2d 55, 56-57 (Ala.Cr.App. 1995), cert. denied, 675 So.2d 58 (Ala. 1996). "Once the state has met its burden of proof, it would be up to the defendant to offer any evidence in dispute. The failure to offer evidence weakens the defendant's position." Hester v. State, 608 So.2d 420,422 (Ala.Cr.App. 1992).
In this case, Officer Lou Spencer arranged and observed a controlled buy of morphine between a confidential informant and the appellant. At the sentencing hearing, he testified that the sale occurred "approximately three quarters of a mile" from Little Flower Catholic School. (R. 7.) On cross-examination, Officer Spencer stated that, although he did not precisely measure the distance, he was certain, based on his experience of six years as a narcotics investigator in Mobile County, that the school was located well within one mile of the site of the drug sale. (R. 9-1.) The appellant did not offer any evidence to dispute Officer Spencer's testimony. Therefore, there was sufficient evidence to support the enhancement of the appellant's sentence pursuant to § 13A-12-250, Ala. Code 1975. See Fletcher, supra; Brock, supra; and Hester, supra.
 II.
The appellant also contends that the trial court improperly enhanced her sentence pursuant to § 13A-12-250, Ala. Code 1975, because the enhancement was allegedly "being applied to [her] in an arbitrary and capricious manner and she was being singled [out] for selective prosecution." (Appellant's brief at p. 8.)
 "`[A] defendant who alleges an equal protection violation has the burden of proving the "the existence of purposeful discrimination."' McCleskey v. Kemp, 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987).
 "`This court has previously held that, although no clear standards exist for quantum or type of proof sufficient to illustrate discriminatory enforcement of a statute . . ., three elements must generally be proved: selectivity in enforcement; selectivity that is intentional; and selectivity based upon some invidious or unjustifiable standard such as race, religion, or other arbitrary classification. It is insufficient merely to show that other violators have not been prosecuted, that there has been laxity in enforcement, or that there has been conscious exercise of some selectivity in enforcement.'
 "DeShazo v. City of Huntsville, 416 So.2d 1100, 1103
(Ala.Cr.App. 1982) (emphasis added). See also Carroll v. State, 599 So.2d 1243, 1244-45 (Ala.Cr.App. 1992)."
Facion v. State, 627 So.2d 1144, 1145 (Ala.Cr.App. 1993) (emphasis added).
At the sentencing hearing, the appellant presented testimony from three criminal defense attorneys who practiced in Mobile County to support her argument that the prosecutor "selected" to enhance her sentence under the schoolyard enhancement provision and that he did not seek to enhance the sentences of other similarly situated defendants. Each attorney testified that he had represented defendants in drug cases in Mobile County and that the "schoolyard" and "public housing project" enhancement provisions had not been enforced in any of his cases. However, two attorneys testified that they were uncertain whether the enhancement provisions had been enforced in other drug cases in the county in which those provisions would have been applicable. They also indicated that they had used information regarding the site of the drug sale in relation to a school and/or public housing project as a bargaining chip in negotiating plea agreements in their cases. Although one attorney stated that he had noted that the enhancement provisions had not been enforced when applicable in cases he handled, he admitted that he did not know whether, in any of those cases, the prosecutor *Page 264 
had been apprised of the fact that the sale had occurred within a three-mile radius of a school or a public housing project. (R. 45, 47-48.)
The appellant argues that the attorneys' testimony proves that she was not treated the same as other similarly situated defendants. However, based on our review of the evidence, the appellant has not proved her selective-prosecution claim. Here, the testimony the appellant offered to support her elective-prosecution claim shows, at most, that the prosecutors in the Mobile County District Attorney's Office have been "lax," or even "selective," in enforcing the enhancement provisions of §§13A-12-250 and -270. However, she has not shown that the selective prosecution was intentional or was motivated by "some invidious or unjustifiable standard." Therefore, the trial court did not err in enhancing the appellant's sentence by an additional five years, pursuant to § 13A-12-250, Ala. Code 1975.
Based on the testimony in this case, however, we are concerned that the enhancement provisions of §§ 13A-12-250 and -270, Ala. Code 1975, are not being properly enforced. The law clearly requires that, when an unlawful sale of a controlled substance occurs within three miles of a school or public housing project, application of the aforementioned enhancement provisions is mandatory. Gamble v. State, 699 So.2d 978, 980 (Ala.Cr.App. 1997); Ford v. State,645 So.2d 317 (Ala.Cr.App. 1994). Therefore, the application of these enhancements cannot be waived in a plea agreement, and prosecutors should not use the applicability of these enhancement provisions as a bargaining chip in negotiating plea agreements. Broaden v. State, 645 So.2d 368 (Ala.Cr.App. 1994). Thus, if there is evidence that supports the application of one, or both, of these enhancement provisions, the prosecutor should bring that evidence to the attention of the trial court. Id.
 III.
From our review of the record, it appears that the trial court did not impose the fine mandated by § 13A-12-281, Ala. Code 1975. Section 13A-12-281 specifically requires that the trial court impose a fine of $1,000 for first-time drug offenders and $2,000 for second-time and subsequent drug offenders. In accordance with Pierson v. State, 677 So.2d 246 (Ala. 1995), we remand this case so the trial court may impose the appropriate fine in accordance with § 13A-12-281. On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 28 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
AFFIRMED AS TO CONVICTION; REMANDED WITH INSTRUCTIONS FOR IMPOSITION OF FINE.
Long, P.J., and McMillan, Cobb, and Fry., JJ., concur.