253 So.2d 31

Theodore BURRESS et al.

v.

Doyle Van DUPREE.

8 Div. 424.

Supreme Court of Alabama.

Sept. 30, 1971.

Lanier, Shaver & Herring, and John M. Heacock, Jr., Huntsville, for appellants.

MERRILL, Justice.

This is an appeal from a judgment of $11,500.00 in favor of the plaintiff, and from a later judgment denying appellants' motion for a new trial. The complaint consists of two counts, which allege that appellant Burress, while acting within the line and scope of his employment as agent, servant or employee of appellant Lowery, negligently operated a truck owned by appellant Lowery so that it was stopped on a public road at night without lights; and that as a proximate result of this negligence appellee's automobile, which appellee was driving along the same road, struck appellant Lowery's truck, causing the appellee to suffer personal injury and property damage.

Appellant Burress was employed by appellant Lowery as a farm laborer. On the day in question, Burress stopped working at 5:00 P.M. and drove Lowery's truck

Culver & Miller, Huntsville, for appellee.

home. Later, he got into his personal car and drove to visit a girl friend, and on his way home from there, his car stopped running. He walked back to his house, got into Lowery's truck, and drove to find someone to help start his car. He pulled into the driveway of a house where he expected to get help, but upon failing to find anyone available, he backed the truck out of the driveway into the road. In the process of backing out, the back wheels of the truck became stuck in a ditch on the opposite side of the road, so that the front end of the truck extended into the road at least three feet, at approximately a right angle to the direction of the road. Burress got out of the truck and began to drain water out of a tank mounted on the vehicle in order to reduce its weight. By then it was dark and raining. Appellee, driving a 1953 Chevrolet automobile containing seven passengers including the driver, approached the appellant's truck traveling at forty or forty-five miles per hour in the lane which was partially blocked by the truck. As he did so, a car traveling in the opposite direction approached him with its headlights on bright. The approaching car did not dim its lights, and they momentarily blinded appellee and other passengers in his car, but he did not reduce speed. A very short time after the other car passed —the testimony ranged from a split second to ten seconds—appellee and some of the passengers saw appellant's truck obstructing their lane about ten feet in front of the car. There is a conflict in the evidence with regard to whether appellee put on his brakes or changed direction to avoid hitting the truck. Appellee's car struck the truck, causing the damage to the car and bodily injury to the appellee which gave rise to this suit. It was stipulated early in the trial that Lowery owned the truck.

Appellants argue eighty-seven assignments of error, but of these only twenty are argued at length. The arguments relating to one of the twenty are separately adopted as to those argued at length.

■ The last witness in the case was William R. Dupree, a brother of plaintiff. He was called in rebuttal by plaintiff. Over objections he was allowed to testify that he had a conversation with appellant Lowery at the hospital subsequent to the accident. It was obvious what he was going to say and counsel for appellants asked that the full objection be made outside the presence of the jury, but the trial court denied the request and ordered the witness to state what the conversation was. The witness answered, "He (Lowery) said that he would take care of anything, the hospital bill or anything that was incurred from the accident." Appellants moved to exclude on proper grounds and the court overruled. This action is the basis of assignment 57.

In Donaldson v. Foreman, 213 Ala. 232, 104 So. 406, this court held that the trial court erred in overruling a similar objection under similar circumstances because it "tended to impute blame to defendant for the acts of his son driving his car." The only case cited by appellee to support the ruling is Bains Motor Co. v. LeCroy, 209 Ala. 345, 96 So. 483, and that case is not apt authority under the facts in the instant case.

■ Assignments 24 and 28 charge error in the refusal to exclude and cover statements in two of the hospital records which showed the "SUBSCRIBER OR RESPONSIBLE PARTY" to be "Self and Walter E. Lowery Owner of Truck that hit patient." We have held that hospital records containing a diagnosis of a doctor who did not testify are admissible under Tit. 7, § 415, Code 1940. But we have also said that "data [in those records] pertaining to the cause of the injury, unless essential to a diagnosis, should be excluded." Liberty National Life Insurance Company v. Reid, 276 Ala. 25, 158 So.2d 667. Here, the trial court erred in denying the request of defendant to exclude and cover that part of the exhibits.

Assignments 10, 11, 12 and 13 charge error in the trial court's refusal to allow appellants to cross examine appellee's witness, Larry Cochren, as to the distance between appellee's car (in which Cochren was a passenger) and the approaching car with the undimmed lights at the moment those lights blinded him when the oncoming car was between appellee's car and appellant's truck. The court sustained appellee's objections on the ground that the questions called for a conclusion. This was error. In this state, a witness may properly state an opinion concerning distance, and any element of unreliability which may be present in such testimony goes to its weight and not its admissibility. Southern R. Co. v. Sherrill, 232 Ala. 184, 167 So. 731; Atlantic Pacific Stages v. Yandle, 224 Ala. 481, 140 So. 603; Jones v. Keith, 223 Ala. 36, 134 So. 630. See generally, 32 C.J.S. Evidence §§ 546(16), 568(3). Since the momentary blindness of appellee and his passengers immediately preceding the collision with appellant's truck is involved in appellee's claim that appellant was guilty of negating contributory negligence on his part, we think that it was prejudicial to appellants to exclude testimony concerning appellee's exact location during the moment of blindness.

Assignments 36–38 and 46–52 charge error in the sustaining of objections to questions asked witnesses as to the appearance of Clyde Cochren, plaintiff's father-in-law, who was sitting on the front seat of the car with plaintiff, who was driving when the accident occurred. Cochren was the first witness called by plaintiff. On both direct and cross examination, he was asked if he had had "anything to drink" and he stated that he had one beer before they got into the car and he "carried one can." He described the collision in detail. Two different witnesses for defendant were asked questions as to Cochren's appearance at the scene of the accident shortly after it occurred. The questions were: "Would you state whether or not he was staggering?" "State whether or not in your opinion he was intoxicated at that time." "Did you have an opportunity to form a judgment as to whether he was intoxicated at that time or not?" "Would you state whether or not you smelled the odor of any alcoholic beverage on him?" (The witness testified that she had talked with Cochren at the scene of the accident). "Q You can state what you saw about his appearance. A He was drunk." Plaintiff asked that the answer be excluded and the trial court instructed the jury to disregard the answer.

This court has held that a "lay witness may testify that in his opinion a person was drunk," Rivers v. Black, 259 Ala. 528, 68 So.2d 2; "that the conduct and appearance of another was that he was intoxicated," Southern Natural Gas Co. v. Davidson, 225 Ala. 171, 142 So. 63; that he "saw he was drunk," Burke v. Tidwell, 211 Ala. 673, 101 So. 599, and that from the impression a person's appearances made on the witness, the person "was drunk or drinking on this occasion." Stoudemire v. Davis, 208 Ala. 495, 94 So. 498. In Burke v. Tidwell, supra, the testimony that he "saw he was drunk" was excluded on plaintiff's objection, and because of that error, the judgment was reversed. Under these authorities, the trial court erred in its ruling on the listed questions and the answer which was excluded.

Assignment 122 charges error in the refusal of the court to give written requested charge JJ1, which reads as follows:

"The Court charges the jury that if you are not reasonably satisfied from the evidence that the defendant Theodore Burress was performing some work for the defendant W. E. Lowery on the occasion complained of, then you cannot return a verdict against the defendant W. E. Lowery in this case."

The most important issue in the case was whether Burress, the driver of the truck, was on a mission for Lowery or on a personal mission when the rear end of

the truck slid off the road into the ditch. The court's only reference to this important question was in its oral charge: "The complaint charges that Theodore Burress, while acting within the line and scope of his employment as the agent, servant, or employee of W. E. Lowery, negligently operated a vehicle in such a manner that the Plaintiff was injured and damaged, and that his injuries and damages were the proximate consequence of the Defendant Burress' negligence." Later, in explaining defendant's plea of the general issue in short by consent, the court said, "That places the burden upon the plaintiff to reasonably satisfy the jury from the evidence of all the material allegations of the complaint before he would be entitled to recover on it." The only other reference to line and scope of Burress' employment was a given written charge requested by plaintiff to the effect that in determining whether Burress was the agent, servant or employee of Lowery, and acting in the line and scope of his employment, "that the jury may consider *all* the facts as presented in this case in arriving at this decision as to whether Theodore Burress was the agent, servant or employee of W. E. Lowery acting within the line and scope of his employment." (Emphasis supplied)

The defendants excepted to the giving of the written charge because of the inclusion of the word "all," and requested the trial court to explain the meaning of "line and scope of his employment" to the jury. This request was denied.

The trial court's instructions on line and scope of employment were at least incomplete and misleading. The written requested charge JJ1 and other similar refused requested charges, also assigned as error, should have been given to explain this important feature of the case.

■ Assignment 74 charges error in the giving of a written charge which followed the wording of one of the rules of the road, Tit. 36, § 46, as amended in subsection (b). The trial judge also read that part of the Code in his oral charge. With-

out going into a complicated discussion, we think the court erred in presenting subsection (b) of § 46 to the jury because it was not an apt section in view of the particular facts of this case.

We have not treated all of the assignments of error, and some of them are clearly without merit, but we have tried to discuss those errors which would most likely recur in another trial.

For the errors noted, the judgment is reversed and the cause is remanded.

Reversed and remanded.

LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.