MONTIEL, Judge.
William Henry Gandy was found guilty by a jury of two counts of unlawfully selling a controlled substance, cocaine, in violation of § 13A-12-211, Code of Alabama 1975. A sentencing hearing was begun on December 2, 1991, at which time the State notified the appellant of its intention to enhance his sentence under § 13A-12-250, Code of Alabama (1975), because, it alleged, the appellant had sold the controlled substance within a three-mile radius of a school. After the appellant objected to the State’s failure to give him prior notification of its intent to invoke § 13A-12-250, the trial court continued the sentencing hearing until January 6, 1992, to allow the appellant to prepare any defense he might have to the imposition of the enhancement statute. On January 6, 1992, after hearing both parties, the trial court sentenced the appellant to three years in the penitentiary on each count, to run concurrently, plus five years’ enhancement on each count, to run concurrently. The appellant raises two issues on appeal.
I
The appellant first contends that the trial court erred in allowing the testimony of King regarding the distance between the Sharecropper Lounge, where the drugs were sold, and the school, because, he argues, a proper predicate was not laid in that Agent King had no personal knowledge of the location of the drug sales. However, such contention lacks merit.
The record shows that the State laid the proper predicate for the admission of testimony by Agent King by showing that Agent King had personal knowledge of the distance between the school and the Sharecropper Lounge. Agent King did not have to have personal knowledge that the drug sales took place at the Sharecropper Lounge because testimony at trial by the undercover agents with personal knowledge showed that the drug sales had occurred at the Sharecropper Lounge. In this case, Agent King testified that the odometer on his vehicle measured the distance of .95 milé between the Sharecropper Lounge and the school.
This court has ruled that a witness may state an opinion concerning distance, and that any element of unreliability in that testimony goes to the weight to be given the evidence and not its admissibility. Lane v. State, 564 So.2d 90 (Ala.Crim.App. 1990); see also Burress v. Dupree, 287 Ala. 524, 253 So.2d 31 (1971). Moreover, the measurement of the distance by the use of an automobile is proper. McCall v. State, 565 So.2d 1163 (Ala.Cr.App.1990).
Because Agent King’s testimony regarding his own knowledge and perception about the distance between the Sharecropper Lounge and the school came after the testimony of undercover agents who were present at the time the offenses occurred and who testified that the site of the offenses was the Sharecropper Lounge, the trial court did not err in admitting Agent King’s testimony.
II
The appellant next contends that the State violated his due process rights *1244 when it failed to notify him before the sentence hearing on December 2, 1991, of its intention to seek enhancement of his sentence under § 13A-12-250, Code of Alabama 1975. However, such contention is without merit.
The record reveals that after the appellant objected to the State’s failure to notify him before the December 2, 1991, sentencing hearing of its intention to invoke the enhancement statute, the court, on its own motion, continued the hearing until January 6, 1992, to allow the appellant time to prepare any defense he might have to the enhancement of his sentence.
This court has ruled that if the State fails to supply the defendant with formal notice of its intent to seek enhancement of his sentence under § 13A-12-250, due process will be served as long as the defendant receives actual notice. Wright v. State, 560 So.2d 1128 (Ala.Cr.App.1989). In this case, the trial court’s decision to continue the hearing another month so that the appellant could defend the statute’s application to him cured any potential due process violations caused by the State’s failure to give the appellant prior notification. Moreover, the continuance of the sentencing hearing would effectively give the appellant actual notice of the State’s intent to invoke the enhancement statute and such actual notice gave the appellant the opportunity to defend the statute’s application to him.
Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.