MeMILLAN, Judge.
The appellant, Freddy Nabors, was convicted of the unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to three years’ imprisonment, plus an additional five years’ imprisonment under the enhancement provisions of § 13A-12-250, Code of Alabama 1975 (additional penalty if unlawful occurred within three-mile radius of school campus).
I
The appellant argues that the trial court erred when it denied his motion for a judgment of acquittal. Specifically, he argues that the State’s evidence was “weak and inconsistent” because, he says, the testimony of its witnesses was contradictory and because, he says, his own testimony also contradicted the testimony of the State’s witnesses. Specifically, the appellant argues that the testimony of State’s witness Officer Andrew Bryant that Bryant, while monitoring the drug buy, observed the appellant enter an apartment with a police informant for a drug buy was false. He argues that Officer Bryant could not properly identify him because it was dark and rainy on the night in question and there was no outside fighting at the apartment.
The record indicates, however, that Officer Bryant testified that he “very clearly” observed the appellant as he entered the apartment. There was additional testimony presented that Officer Bryant was within 16 feet of the appellant as he entered the apartment.
Additionally, the appellant argues that the testimony of a State’s witness Darrell Ward, the informant in the drug buy, who testified that he had bought crack cocaine from the appellant, was not credible because, he says, Ward was a drug addict and had been given extensions to pay restitution on felony convictions. He argues that Ward’s testimony was in direct conflict with his own testimony that he never sold cocaine to Ward.
It is well settled that “[c]onflicting evidence presents a jury issue.” Cooper v. State, 611 So.2d 460, 463 (Ala.Cr.App.1992); Curry v. State, 601 So.2d 157 (Ala.Cr.App.1992); Smith v. State, 583 So.2d 990 (Ala.Cr.App.), cert. denied, 583 So.2d 993 (Ala.1991). Moreover, “[t]he sanctity of the jury function demands that this court never substitute its decision for that of the jury.” Cox v. State, 585 So.2d 182, 203 (Ala.Cr.App.1991), cert. denied, Cox v. Alabama, — U.S. —, 112 S.Ct. 1676,118 L.Ed.2d 394 (1992). The trial *1326 court properly denied the appellant’s motion for a judgment of acquittal on this ground.
II
The appellant argues that the State failed to prove a proper chain of custody for the admission of the cocaine into evidence. Specifically, he argues that the State failed to identify the Alabama Department of Forensic Science laboratory employee who returned the evidence to Officer Bryant after forensic analysis.
The appellant’s contention is unsupported by the record. The record reveals that Officer Bryant testified that Mr. Sparks, a laboratory employee, returned the evidence to him after forensic analysis. Although Mr. Sparks testified that he could not remember whether he returned the evidence to Officer Bryant, he did testify that it was returned by either himself or one of the two other drug analysts in the lab.
‘“The chain of custody is composed of “links.” A “link” is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link’s possession of the item: “(1) [the] receipt of the item; (2) [the] ultimate disposition of the item, ie., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the. item between receipt and disposition.” Imwinklereid, The Identification of Original, Real Evidence, 61 Mil. L.Rev. 145, 159 (1973).
“ ‘If the State, or any other proponent of demonstrative evidence, fails to identify a link or fails to show for the record any one of the three criteria as to each link, the result is a “missing” link, and the item is inadmissible. If, however, the State has shown each link and has shown all three criteria as to each link, but has done so with circumstantial evidence, as opposed to the direct testimony of the “link,” as to one or more criteria or as to one or more links, the result is a “weak” link. When the link is “weak,” a question of credibility and weight is presented, not one of admissibility-’
“Ex parte Holton, 590 So.2d 918, 920 (Ala. 1991).”
Because the State presented the testimony of Officer Bryant that he received the evidence from Mr. Sparks, there was no missing link in the evidence. Thus, the evidence was properly admitted.
Ill
The appellant argues that the trial court erred in enhancing his sentence pursuant to § 13A-12-250, Code of Alabama 1975, because, he says, (1) the State failed to provide notice of its intent to proceed under the enhancement provision; (2) the State failed to provide evidence of the applicability of this provision during its case-in-ehief; and (3) the “three-mile” radius requirement contained in the statute is unconstitutional.
The record reveals that at the sentencing hearing the State indicated that it wanted to apply two enhancement provisions, § 13A-12-250, Code of Alabama 1975, and § 13A-12-270, Code of Alabama 1975 (additional penalty if unlawful sale occurred on or near a public housing project). The State then presented the testimony of Officer Bryant, who testified that he had measured, on the odometer of his patrol car, the distance from the drug sale to the Thompson Middle School and determined the distance to be 1.4 miles. Additionally, Officer Bryant testified that he had also measured, on the odometer of his patrol car, the distance from the drug sale to a government housing project, known as the Columbiana Housing Authority, and found that distance to be 1.6 miles. Officer Bryant then testified on cross-examination that he had not seen any document confirming that the Columbiana House Authority was a public housing project. The trial court sustained defense counsel’s objection, based on hearsay, to the testimony regarding the distance from the sale to the housing project.
With regard to the appellant’s “lack of notice” argument, the record indicates that the appellant failed to receive “actual notice” of the State’s intent to seek enhancement under § 13A-12-250 until the sentencing *1327 hearing. The trial court, however, in overruling the appellant’s objection, stated: “If you feel that it’s not applicable, after the hearing today, if you want to bring in evidence and ask me to set aside the summary order, I’ll be glad to consider that. If you’re saying I simply don’t have time, at this point.”
Thereafter, the appellant made no further objection. Moreover, there is no indication from the record that the appellant presented any additional evidence refuting the sentence enhancement. Because the trial court allowed the appellant the opportunity to present additional evidence so that he could defend the application of the enhancement statute in this case, any error would be, at most, harmless error. Rule 45, A.R.App.P. Comparably in Gandy v. State, 610 So.2d 1242, 1244 (Ala.Cr.App.1992), this court held:
“This court has ruled that if the State fails to supply the defendant with formal notice of its intent to seek enhancement of his sentence under § 13A-12-250, due process will be served as long as the defendant receives actual notice. Wright v. State, 560 So.2d 1128 (Ala.Cr.App.1989). In this case, the trial court’s decision to continue the hearing another month so that the appellant could defend the statute’s application to him cured any potential due process violations caused by the State’s failure to give the appellant prior notification. Moreover, the continuance of the sentencing hearing would effectively give the appellant actual notice of the State’s intent to invoke the enhancement statute and such actual notice gave the appellant the opportunity to defend the statute’s application to him.”
The appellant’s argument that the State failed to present evidence of the enhancement provision during its case-in-chief is without merit. In Pettway v. State, 624 So.2d 696, 699 (Ala.Cr.App.), cert. denied, Ex parte Pettway, 624 So.2d 700 (Ala.1993), this court held:
“These statutes [§§ 13A-12-250, and 13A-12-270, Code of Alabama 1975] clearly apply only to sentencing. ‘The legislature of Alabama “wanted to lessen the risk that drugs would be readily available to school children. It is surely rational to achieve that goal by increasing penalties for those who sell drugs near schools.” United States v. Agilar, 779 F.2d 123, 125 (2d Cir.1985), cert. denied, 475 U.S. 1068, 106 S.Ct. 1385, 89 L.Ed.2d 609 (1986).’ Id. at 1128. As these statutes concern only sentencing considerations, they are properly applied by the trial court. Cf. McMillan v. Pennsylvania, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986); Ex parte Hays, 518 So.2d 768, 777 (Ala.1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1099, 99 L.Ed.2d 262 (1988).”
Regarding the appellant’s constitutionality argument, the enhancement provisions of § 13A-12-250 have withstood constitutional challenges. See Pettway v. State, supra; Jackson v. State, 570 So.2d 874 (Ala.Cr.App.1990); Hardy v. State, 576 So.2d 685 (Ala.Cr.App.1991).
The record reveals that the State failed to prove that the sale occurred within a three-mile radius of a public housing project. Therefore, this cause is remanded to the trial court, based on the authority of Hester v. State, 608 So.2d 420 (Ala.Cr.App.1992), to conduct a new sentencing hearing.
REMANDED WITH INSTRUCTIONS.
All Judges concur.